OPINION OF THE COURT
Edward J. McLaughlin, J.
An order to show cause was filed on May 4, 1981 by Catholic Charities of the Roman Catholic Diocese of Syracuse, New York, Inc., an authorized agency (Domestic Relations Law, § 109; Social Services Law, §371, subd 10; 18 NYCRR 421.2 [h]), demanding that respondents, adoptive parents (Domestic Relations Law, § 109, subd 1; 18 NYCRR 421.2 [e]), deliver to them a child placed in respondent’s home in a preadoptive placement on or about December 14,1979. The custody and guardianship of the child had been surrendered to the agency pursuant to section 384 of the Social Services Law..*
In papers supporting its demand for the return of the child, Catholic Charities states that the agency has decided not to consent to the adoption. The papers further state that a hearing has been held before the agency, and that respondents have been formally notified of the intent of the agency to remove the child from their home.
In an affidavit opposing the order to show cause, respondents appeal to the court “to intervene in its discretion” in the best interests of the child. Respondents raise as a defense that the notice and hearing on the removal of the child engaged in by the agency was arbitrary and capri *26 cions and argue that the court should review the agency’s decision. Respondents request that the legal guardianship and custody of the child be vested in them and that they be allowed to legally adopt the child, who has been in their home for over 17 months.
A hearing was held by the court on May 19, 1981. Both parties, through their attorneys, asserted that it was in the best interest of the child that the child remain with them. At the close of argument, petitioner moved for summary judgment. (CPLR 3212.) The court reserved decision.
LAW
“Adoption, unknown to the common law, exists solely by statute”. (Matter of Anonymous [St. Christopher’s Home], 40 NY2d 96, 101; 51 ALR2d 488.) The Legislature has enacted a detailed scheme which controls the adoption process. (Domestic Relations Law, art 7; Social Services Law, art 6.) Also, the Department of Social Services has promulgated regulations to further refine the legislative scheme for adoptions. (18 NYCRR Part 421.) Thus, at all stages of an adoption proceeding, specific laws control the actions of all parties. This statutory and regulatory scheme assists the court in deciding disputes which may arise between persons and agencies interested in a child’s adoption. “Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute”. (Matter of Borkowski v Borkowski, 38 AD2d 752, 753; see NY Const, art VI, § 13; Family Ct Act, §§ 115, 641, 651, subd [b]; Matter of Walker v Buscaglia, 71 AD2d 315.) Thus, the discretion available to the court in matters of adoption is firmly bounded by the law.
In the case now before the court, section 383 of the Social Services Law is controlling. That law makes it clear that the authorized agency charged with the care and guardianship of a child is legally responsible for that child until the child is adopted. (Social Services Law, § 383, subd 2.) Also, the law is specific in stating that an authorized agency may “in its discretion” remove a child from a home where it has been placed out[1] as long as custody and guardianship of *27 the child is vested in that agency. (Social Services Law, § 383, subd 2.)
In recent years foster parents have gained certain rights which are derivative from their continued relationship with children in their care. (See, e.g., Social Services Law, § 383, subd 3 [which allows foster parents who have cared for a child continuously for a period of 18 months or more through an authorized agency to intervene as an interested party in any proceeding involving the custody of the child]; Social Services Law, §384, subd 3 [which allows foster parents who have had custody of a child for more than 24 months through an authorized agency to be permitted as of right to intervene in any proceeding to set aside a surrender of the guardianship and custody of the child]; see, generally, Smith v Organization of Foster Families, 431 US 816 [where the United States Supreme Court outlines the New York foster care system and articulates the rights of foster parents].) Foster parents and adoptive parents are not, however, synonomous terms.
Foster parents are defined in the Social Services Law (Social Services Law, § 371, subd 19); adoptive parents in the Domestic Relations Law (Domestic Relations Law, § 109, subd 1). In the Department of Social Services regulations on adoption, the distinct use of these terms is further delineated.[2] (18 NYCRR 421.2 [e], [g].) These words of art are important in that adoptive parents do not enjoy the same rights as do foster parents but are given separate, different statutory rights.
While adoptive parents are permitted as of right to intervene in a proceeding commenced to set aside a surrender of the custody and guardianship of a child to an authorized agency (Social Services Law, § 384, subd 3), the statute is silent regarding the right of adoptive parents to intervene in any proceeding involving the custody of the *28 child. (Social Services Law, § 383, subd 3.) Thus, the adoptive parents have no statutory right to participate as parties in litigation concerning a child whose custody and guardianship is vested in an authorized agency. (Cf. Matter of Smith v Lascaris, 106 Misc 2d 1044.) The foster parent does, in certain situations, have such a right. (Social Services Law, § 383, subd 3.)
Since legal custody and guardianship of the child is properly vested in Catholic Charities, an authorized agency, the child should be returned to the agency by the adoptive parents at once. Further, this court has no jurisdiction to review the adequacy of the proceedings involving the agency’s decision to seek the return of the child to the agency’s care. While this court is sympathetic to the emotional and financial burdens that have been placed upon the adoptive parents, it is beyond the power of this court to review what is essentially an administrative proceeding. (See p 26, supra.)
Catholic Charities’ motion for summary judgment is granted. (CPLR 3212, subd [b].) The law and the facts are clear; there is no triable issue of either law or fact now before the court.

. “Place out” means to arrange for the free care of a child in a family other than that of the child’s parent, stepparent, grandparent, brother, sister, uncle, or aunt or legal *27 guardian, for the purpose of adoption or for the purpose of providing care. (Social Services Law, §371, subd 12.)

. Foster parent means a single person or married person with whom a child has been placed on a boarding home basis in a certified or licensed foster home (18 NYCRR 421.2 [g].)
Adoptive parent means a single person or married person with whom a child has been placed for adoption or who has adopted a child with agency approval. (18 NYCRR 421.2 [e].)