OPINION OF THE COURT
Peter R. Sprague, J.
ISSUE
The question before the court is whether the court, upon application of a child’s biological mother but over the vigorous personal objection of the child, has the authority to direct that the child be diagnosed at a hospital by the use of bodily-intrusive techniques? Based upon the unique, emergency circumstances of this case, the court answers the question in the affirmative.
FACTUAL BACKGROUND
The respondent in this proceeding is a 15-year-old young man who was radiologically diagnosed on May 29, 1991 as having an anterior mediastinal tumor. The respondent’s biological father died of carcinoma of the lung in January 1991. The respondent was scheduled to undergo surgery on July 15, 1991 at Olean General Hospital for a biopsy of the tumor. Based largely upon his "strong phobia for needles”, the respondent refused to undergo diagnostic surgery, despite the expressed desires of his mother.
Perceiving the situation as both critical and life-threatening, requiring immediate intervention, diagnosis, and treatment, the mother petitioned the court for an order requiring the respondent to submit to diagnostic surgery, under physical restraint if necessary. The Department of Social Services concurred in the application.
The Law Guardian, while reiterating and emphasizing the respondent’s vigorous objection to the proposed surgical intervention, articulated his conclusion that such intervention, albeit unpleasant, and even traumatic, would be consistent with the respondent’s best interests.
ANALYSIS
Particularly in view of the admonition of the medical authorities that further delay could be life-threatening, it is imperative that the legal question be answered promptly. While the medical data before the court metaphorically "beg” *98 for the immediate issuance of a diagnostic surgical order, , the court is reluctant to summarily and precipitately disregard the emphatic protests of the 15-year-old respondent.
"The Family Court is a court of strictly limited jurisdiction and cannot act beyond its express powers” (5 Freed-Brandes, Law and the Family: New York, Family Court Proceedings § 1:1 [2d ed], citing Matter of Catholic Charities of R. C. Diocese v Barber, 109 Misc 2d 25, 26 [Fam Ct, Onondaga County 1981], affd 84 AD2d 966 [4th Dept 1981]).
Significantly, however, Family Court Act § 233 specifically provides that "[w]henever a child within the jurisdiction of the court appears * * * to be in need of medical, surgical, therapeutic, or hospital care or treatment, a suitable order may be made therefor.”
"There is no requirement * * * that there be an emergency or danger to the child’s life before the court may act — only a requirement that the child be within the jurisdiction of the court and appear to the court to be in need” (Matter of Sampson, 65 Misc 2d 658, 671 [Fam Ct, Ulster County 1970], affd 37 AD2d 668, affd 29 NY2d 900 [1972]). In the Sampson case (at 901) the Court of Appeals "recognized the court’s power to direct surgery even in the absence of risk to the physical health or life of the subject”. While the Sampson case is arguably distinguishable from the instant proceeding in that the "objecting” party in Sampson was a parent, not the child himself, such distinction does not dilute the precedential relevance of the case to the issue at bar.
The State, "as parens patriae”, has a strong interest "in protecting the health and welfare of [a] child [within its jurisdiction]” (Matter of Storar, 52 NY2d 363, 381, cert denied 454 US 858; see also, 66 NY Jur 2d, Infants and Other Persons Under Legal Disability, § 2). "It is the policy of the law to look after the interest of infants incapable of looking after their own affairs to protect them from their own folly and improvidence” (66 NY Jur 2d, Infants and Other Persons Under Legal Disability, § 2).
Under Public Health Law § 2504 (1) "[a]ny person who is eighteen years of age or older * * * may give effective consent for medical, dental, health and hospital services for himself or herself’. An implicit corollary of that provision is that a person under 18 years of age may not give effective consent for such services. If a person under 18 years of age may not give effective consent, it follows logically that such a person *99 may not effectively withhold consent, either. Generally, an infant "is universally considered to be lacking in judgment, since his normal condition is that of incompetency” (66 NY Jur 2d, Infants and Other Persons Under Legal Disability, §3).
Subdivision (2) of Public Health Law § 2504 provides that "[a]ny person * * * who has borne a child may give effective consent for medical, dental, health and hospital services for * * * her child”.
Family Court Act § 234 provides authority for the county to assume the expense for medical treatment of a child under this type of circumstance.
In the instant proceeding, the court specifically finds that immediate medical attention is required. The court further finds that the mother and the Department of Social Services have amply met their burden of demonstrating that "time is of the essence” with respect to medical treatment for the respondent and that the protests of the respondent must be judicially overridden.
An order shall be granted authorizing the hospital, on an immediate basis, to admit, examine, and treat the respondent, using surgical intervention. The respondent shall be directed to cooperate fully with all treating physicians and hospital personnel relative to his obtaining the treatment and care contemplated by the order. The Sheriff’s Department shall be directed to take all necessary steps to enforce the order, including but not limited to transporting the respondent to the hospital, restraining him, if necessary, and supervising the respondent while he is in the hospital.*

 The foregoing written decision reflects an edited version of the court’s bench decision which, for the sake of expediency, was rendered on the date of oral argument, July 31,1991.