*695 OPINION OF THE COURT
Herbert B. Ray, J.
The matter having come before the court at this time in connection with an order to show cause brought before the court on April 27, 1988 by Elaine and Jerry R. seeking the return of the children that they designate as David R. and James R. whose real names are David H. and Dustin H. The children had been removed from the home within one hour prior to the signing of the said order.
It appears that the children had been in the care of Elaine and Jerry R. as foster parents. The natural mother of the children voluntarily signed a surrender of the children for adoption on January 5, 1987 and the father was adjudged to have abandoned the children on July 20, 1987 and by order of the court dated July 20, 1987 and July 24, 1987 the court awarded guardianship and custody rights of the children to the Broome County Department of Social Services and authorized and empowered the Department to consent to the adoption of the said children subject to order of the court of competent jurisdiction. An adoptive placement agreement was signed by the R.s on November 3, 1987 which contained the provision that: "If at any time prior to legal adoption it is determined by the agency or by us that the child should be removed from our home, we will cooperate with the agency in carrying this out in a way that serves the best interest of the child in the judgment of the agency.”
Adoption papers were filed in the Broome County Family Court and thereafter the court received the following communication dated April 18, 1988 from the Broome County Social Services Department: "We are writing to advise the Court that we withdraw our consents to the above-named adoptions and to request that the papers we submitted be returned to us. Disturbing changes have occurred in the circumstances of the prospective adoptive parents which we feel require a thorough evaluation, and thus we feel it is not in the children’s best interests to proceed at this time.”
The show cause order and attached affidavit requested the return of the children to the custody of the petitioners.
The threshold question before the court is whether this court has the authority to entertain a petition for custody of minor children whose custody and guardianship has been previously awarded to the Broome County Department of Social Services for the purpose of adoption.
*696 It is concluded that this court does not have jurisdiction to hear this petition, and therefore it is dismissed.
This issue faced in this matter is not novel, having previously been presented in the case of Matter of Smith v Lascaris (106 Misc 2d 1044 [Earn Ct, Onondaga County 1980]). The facts of the Smith case are similar to the instant matter.
In the Smith case (supra) the maternal grandmother filed a petition seeking custody of grandchildren who had been determined to be abandoned by their parents in a proceeding pursuant to Social Services Law § 384-b on the petition for abandonment. After hearing, the court had awarded custody and guardianship to the Commissioner of Social Services, thus freeing the child for adoption.
In determining the exact issue presented to this court, Judge McLaughlin held that: "After custody and guardianship of a child has been awarded to an authorized agency in an abandonment proceeding pursuant to section 384-b (subd [4], par [b]) of the Social Services Law, a court should not exercise its jurisdiction over a petition filed by a private person which seeks mere custody of that child. To exercise jurisdiction would circumvent the clear public policy of this State, which is, that a permanent home should be found for every child who has been determined to be abandoned and the child’s custody and guardianship awarded to the commissioner.” (Matter of Smith v Lascaris, 106 Misc 2d 1044, supra.)
It was determined that the grandmother did have standing to bring a Family Court Act § 651 (b) proceeding but that the court should decline jurisdiction because of the policy set forth in section 634 of the Family Court Act. The court compared the case to a bankruptcy proceeding, with the role of the Commissioner to find a permanent home for the abandoned child. The court further stated that adoption was the only proper procedure available as follows: "By adhering to the statutory scheme, adoption clearly is the proper procedure for anyone to follow who has an interest in seeking custody of a child whose custody and guardianship has been transferred to the commissioner (Domestic Relations Law, art 7). Adoption is the only way that the State can assist children who have been found to be abandoned in finding a permanent home.” (Matter of Smith v Lascaris, 106 Misc 2d 1044, 1049-1050, supra.)
The decision to follow the appropriate statutory scheme has been recognized by our courts, particularly in the area of the rights of foster parents versus natural parents and/or the *697 Department of Social Services, the body charged with legal custody of a surrendered child. (See, Matter of Peter L., 59 NY2d 513 [1983]; Matter of Mavis M., 110 Misc 2d 297 [1981]; People ex rel. Ninesling v Nassau County Dept, of Social Servs., 46 NY2d 382 [1978].)
This court is further mindful that the instant decision to decline jurisdiction not only follows the appropriate statutory scheme, but also supports the policy underlying that procedure.
The previous award of the custody and guardianship of the children, David H. and Dustin H., to the Broome County Department of Social Services was in furtherance of the statement of legislative findings and intent contained in Social Services Law § 384-b which provides: "when it is clear that a natural parent cannot or will not provide a normal family home for the child and when continued foster care is not an appropriate plan for the child, then a permanent alternative home should be sought for the child” (§ 384-b [1] [a] [iv]). "It is the intent of the legislature in enacting this section to provide procedures * * * where positive, nurturing parent-child relationships no longer exist, furthering the best interests, needs, and rights of the child by terminating parental rights and freeing the child for adoption” (§ 384-b [1] [b]).
To allow petitioners to circumvent the adoption process and vest custody in petitioners leaving the child without permanent placement would leave the child in a "state of limbo”, contrary to the intent of the statute (see, Matter of Peter L., 59 NY2d 513, supra.) "It is a well-accepted principle that children thrive in an atmosphere of stability, continuity and consistency. (Goldstein, Freud & Solnit, Beyond the Best Interests of the Child [1973].) The rearing of a child requires greater stability than a roller coaster treatment of custody. (Dintruff v McGreevy, 34 NY2d 887.)” (Matter of Mavis M., 110 Misc 2d 297, 308, supra.)
The petitioners also raise the issue pursuant to 18 NYCRR 443.5 (a) that Social Services has no authority to remove a child in foster family care from the foster family home without notifying the foster parents in writing of their intention to remove such child 10 days prior to the proposed effective date of the removal except where the health and safety of the child so requires. It is to be noted that these children were placed for adoption. Family Court is a court of limited jurisdiction and cannot exercise powers beyond what it is granted by *698 statute. This court has no jurisdiction to review the adequacy of the proceeding involving an authorized agency’s decision to remove a child from an adoptive home. (Matter of Catholic Charities of R. C. Diocese v Barber, 109 Misc 2d 25 [1981], affd 84 AD2d 966.) Therefore, it would not be proper for Family Court to interpose its judgment in this case for the agency’s where there is no statutory authority for the court’s action.
Accordingly, it is ordered that the petition for return of custody of the children David R. and James R., also known as David H. and Dustin H., is dismissed.