■ In the Matter of LOUIS ANTONELLI et al., Appellants, v DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—In a proceeding pursuant to Family Court Act article 6 to obtain custody of a child, the foster parents appeal from a judgment of the Family Court, Queens County (DePhillips, J.), dated May 13, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The foster parents contend that the plan of the Department of Social Services of the City of New York (hereinafter DSS) to extend the placement of the child, Jasmine, for 12 months and to transfer custody of the child to her maternal grandmother was arbitrary and capricious and not in the best interests of the child and was therefore violative of Family Court Act § 1055 (c) and (d) because it did not contain a specific plan of action directing assistance to the natural mother in obtaining adequate housing, employment, counseling and psychiatric treatment or medical care for the infant, Jasmine. We disagree. Despite the foster parents' assertions to the contrary, the plan approved by the Family Court comports with the purposes of both the Social Services Law and the Family Court Act in satisfying the best interests of Jasmine.

Family Court Act § 1055 provides for an extension of placement upon a showing that the parent is presently unable to care for the child and that continued placement is in the child's best interest. Here, both conditions have been met. Furthermore, the legislative intent of Social Services Law § 384-b, as stated, is that "the state's first obligation is to help

the family with services to prevent its break-up or to reunite it if the child has already left home" (Social Services Law § 384-b [1] [a] [iii]). The Commissioner's plan provided that Jasmine would reside with her maternal grandmother, Brunilda Gonzales, her aunt Judy Nunez, and her two older siblings, while her natural mother continued her efforts, through rehabilitation, to enable her to resume the care of her family. The record supports the finding of the DSS that Ms. Gonzales was an adequate resource for Jasmine. Accordingly, the approval of the plan by the Family Court was proper. Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.