■ In the Matter of ALAN G. ROSARIO G., Appellant; COMMISSIONER OF SOCIAL SERVICES OF CITY OF NEW YORK, Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Torres, J.), entered October 9, 1990, which, upon a fact-finding order of the same court, dated December 12, 1989, determining that her three children were abused, after a hearing, placed the children with the Commissioner of Social Services of the City of New York for one year.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petitioner met its burden of establishing by a preponderance of the evidence that 5-year-old Marigrace had been abused by the mother *(see,* Family Ct Act § 1012 [e] [iii]). Marigrace's out-of-court statements that her mother merely watched and cried while Marigrace's father raped and anally sodomized her, which were corroborated by her sister's out-of-court statements, the validating expert's testimony, and medical evidence, were sufficient to make out a prima facie case *(see, Matter of Christina F.,* 74 NY2d 532; *Matter of Nicole V.,* 71 NY2d 112; *Matter of P. Children,* 172 AD2d 839; *Matter of Tania J.,* 147 AD2d 252). The mother failed to offer a satisfactory explanation to rebut the petitioner's evidence.

Furthermore, the evidence that Marigrace's father committed these acts in front of Marigrace's siblings while their mother was present, the mother's failure to acknowledge the

children's statements, and her denial of the abuse, is sufficient to support a finding that they were derivatively abused by the mother *(see, Matter of James P.,* 137 AD2d 461; *Matter of Cruz,* 121 AD2d 901; *Matter of Christina Maria C.,* 89 AD2d 855).

We find that the Family Court properly placed the children with the Commissioner for a period of one year *(see, Matter of Antonelli v Department of Social Servs.,* 155 AD2d 598).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.