■ In the Matter of MARY LIZA J., Appellant, v ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [603 NYS2d 331] —In a custody proceeding, the petitioner appeals from so much of an order of the Family Court, Orange County (Ludmerer, J.), entered December 17, 1991, as, after a hearing, denied her application for custody of her two great-granddaughters.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In March 1987 the petitioner's great-grandchildren were placed in foster care. Thereafter, parental rights were terminated and the children were freed for adoption. In November 1990 the great-grandmother petitioned for custody of her great-granddaughters, Cimone and Nina. At the time of the custody trial, Cimone had lived with her foster family for approximately four years, and Nina had lived with her foster family for approximately three years. During that time, the petitioner, who has continuously resided in Arizona, had

virtually no contact with the girls. Both foster families had begun the process to adopt each of the girls. The Orange County Department of Social Services indicated that it was in the girls' best interest to remain with their foster families and to be adopted by them. Further, the Department indicated that Nina had psychiatric problems which required that she have a higher level of supervision; it was also recommended that she be placed in a home where there were no young children. The Law Guardian recommended that Cimone remain with her foster family. With respect to Nina, the Law Guardian indicated that she was not sure that the petitioner would be "able to handle or understand Nina's behavioral problems, and I know the [foster family] can and [does]".

The Family Court denied the great-grandmother custody of her great-granddaughters, stating: "[w]hile under ordinary circumstances the Court would be reluctant to separate siblings, the unique circumstances of this case lead the court to find that it would be in the best interests of the children" for the great-granddaughters to remain with their foster families, who were seeking to adopt them and with whom they had formed bonds and wished to remain.

It should be noted that "[m]embers of the extended family of a child who has been surrendered to an authorized agency for the purpose of adoption have no special nonconstitutional right to custody of the child which permits them to override a decision by the agency to place the child for adoption with adoptive parents to be selected by the agency" *(Matter of Peter L.,* 59 NY2d 513, 514).

In 1991 the Legislature amended Social Services Law § 384-b by adding subdivision (10), which provides, in pertinent part: "Upon the entry of an order committing the guardianship and custody of a child pursuant to this section, the court shall inquire whether * * * any relative of the child * * * seeks to adopt such child. If such person or persons do seek to adopt such child, such person or persons may submit, and the court shall accept, all such petitions for the *adoption* of the child, together with an adoption home study, if any, completed by an authorized agency or disinterested person as such term is defined in subdivision three of section one hundred sixteen of the domestic relations law. The court shall thereafter establish a schedule for completion of other inquiries and investigations necessary to complete review of the adoption of the child and shall immediately set a schedule for completion of the adoption" (emphasis added).

In the instant case, the great-grandmother petitioned for

custody. The statute explicitly refers to petitions for "adoption"; it does not refer to petitions for "custody". Further, the granting of custody to the petitioner where the foster parents are seeking to adopt, would be inconsistent with the legislative purpose of securing a permanent home for the child *(see, Matter of Michael B.,* 80 NY2d 299; *Matter of Peter L., supra; Matter of Elaine R. v Department of Social Servs.,* 139 Misc 2d 694, 696). The record supports the Family Court's finding that the girls had bonded with their foster families and that the plan of the Orange County Department of Social Services for the girls to remain with their foster families pending their adoption by their foster families was satisfactory in meeting the needs of the girls and was geared toward the goal of permanency via adoption *(see, Matter of Nellie R. v Betty S.,* 187 AD2d 597; *Matter of Pauline G. v Carolyn F.,* 187 AD2d 589; *Matter of George L. v Commissioner of Fulton County Dept. of Social Servs.,* 194 AD2d 955; *Matter of Commissioner of Social Servs. v Rapp,* 127 Misc 2d 835). Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.