■ In the Matter of the ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHARLES H., Respondent. ARDELIA H., Respondent; ANNIE H., Nonparty Appellant. (Proceeding No. 1.) In the Matter of ANNIE H., Appellant. ARDELIA H., Respondent. (Proceeding No. 2.) [616 NYS2d 521] —In a proceeding pursuant to Social Services Law § 384-b to adjudicate the subject child permanently neglected, and a related custody proceeding brought by the child's maternal grandmother, the maternal grandmother appeals (1) as limited by her brief, from so much of an order of disposition of the Family Court, Rockland County (Stanger, J.), dated October 26, 1992, as transferred custody and guardianship of the child to the Rockland County Department of Social Services, and (2) from an order of the same court, dated May 15, 1993, which converted the petition for custody into a petition for visitation.

Ordered that the appeal from the order dated October 26, 1992, is dismissed; and it is further,

Ordered that the order dated May 15, 1993, is affirmed; and it is further,

Ordered that the respondent and the Law Guardian are awarded one bill of costs.

The subject child was born in 1990 with a positive cocaine toxicology and has lived with his foster parents since birth. In March 1992 the Rockland County Department of Social Services instituted a proceeding in the Family Court, Rockland County, to have the child declared permanently neglected, and to have custody awarded to it. On June 18, 1992, the appellant, the child's maternal grandmother, filed a petition in the Family Court, Rockland County, seeking custody.

One week later, on June 26, 1992, the Family Court held a fact-finding hearing with respect to the permanent neglect petition. The court concluded that the child was neglected, and placed him in the custody and guardianship of the Rockland County Department of Social Services for purposes of adoption. The court then stated that placement was "premature" since "[w]e have to terminate the rights of the natural

father if we find out who the natural father is". Thus, the court directed service upon the putative father by publication, and adjourned the neglect proceeding until August 13, 1992. On the adjourned date, the Family Court refused to hear the appellant's custody petition, and foreclosed any rights of the putative father. No dispositional hearing was ever held subsequent to the fact-finding hearing.

In the order appealed from dated October 26, 1992, the child was declared permanently neglected and custody was transferred to the Rockland County Department of Social Services. In the second order appealed from, dated May 15, 1993, the Family Court converted the petition for custody into a petition for visitation, since permanent custody had been previously granted to the Rockland County Department of Social Services. Thereafter, the child was formally adopted by his foster mother.

The appellant has no standing to challenge any defect in the permanent neglect proceeding against the child's parents, since she was not a party to that proceeding. Accordingly, her appeal from the order dated October 26, 1992, is dismissed (see, CPLR 5511).

Since custody and guardianship was transferred to the Rockland County Department of Social Services, the appellant's recourse was to seek adoption, and not mere custody of the child (see, Matter of Peter L., 59 NY2d 513; Matter of Mary Liza J. v Orange County Dept. of Social Servs., 198 AD2d 350; Matter of Arnetta S. v Commissioner of Social Servs. of City of N. Y., 186 AD2d 519). However, as the petitioner respondent Rockland County Department of Social Services concedes, the appellant could petition for visitation (see, Matter of Emanuel S. v Joseph E., 78 NY2d 178). Accordingly, the Family Court did not err in converting the appellant's custody petition into one for visitation. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.