■ In the Matter of MEKEIA F. and Others, Children Alleged to be Neglected. PATRICIA F., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Appellants. [636 NYS2d 277] —Order, Family Court, Bronx County (Marjory

D. Fields, J.), entered on April 7, 1995, which dismissed the extension of foster care placement petitions and discharged the subject children to the custody of their maternal grandmother, unanimously reversed, on the law, without costs, the petitions reinstated and the matter remanded for further proceedings. Appeal from the order of the same court and Justice, entered March 23, 1995, which denied the motion of the Law Guardian to modify the above described order, unanimously dismissed as moot, without costs.

Placement with kinship foster parents of children who are, as here, the subject of neglect petitions is authorized by Family Court Act § 1052 (a) (iii) and § 1055, which permit placement of a child with a "relative or other suitable person" for a period of one year. Repeated one year extensions of such placements are permitted under Family Court Act § 1055 (b) (i), which requires a hearing to consider the best interests of the child and the respondent's compliance with the child services plan (Family Ct Act § 1055 [b] [ii], [iv] [A] [3]; [B]).

The disposition in this case dismissed the petitions for the extension of foster care placement with the children's grandmother, terminated the foster care status of the children and placed them in the custody of their grandmother outright rather than that of the Department of Social Services. This disposition was not authorized by the statute (see, Matter of H./M. Children, 217 AD2d 164). In addition, we note that the court should not have disposed of the petitions without the presence of the Law Guardian and without a hearing. Concur—Ellerin, J. P., Wallach, Ross, Asch and Mazzarelli, JJ.