(April 10, 1997)

■ In the Matter of S. CHILDREN and Others. ANDREW H., Appellant; ST. CHRISTOPHER-OTTILIE et al., Respondents. [656 NYS2d 308] —In a proceeding pursuant to Family Court Act article 10, the father, Andrew H., appeals from stated portions of an order of the Family Court, Queens County (Friedman, J.), dated December 30, 1996, which, inter alia, granted those branches of the motion of Dorrett G. which were (1) to compel him to submit to HLA and DNA blood testing, (2) for discovery of the medical records of his mother, Alice H., and denied that branch of his cross motion which was to preclude the former foster parents of Andrea S. H. and Andrew H., two of the subject children, from participating in this proceeding, and granted them intervenor status.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which granted that branch of the motion of the respondent Dorrett G. which was to compel Andrew H. to submit to HLA and DNA blood testing, (2) deleting the provision thereof denying that branch of Andrew H.'s cross motion which was to preclude the former foster parents of

Andrea S. H. and Andrew H. from participating in this proceeding and substituting therefor a provision granting that branch of the cross motion, and (3) adding to the provision thereof which directed the disclosure of the medical records of Alice H. a clause providing that any such records shall be reviewed, in camera, by the Family Court, Queens County, prior to disclosure to the parties; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

In the context of an extension of placement proceeding, where the primary concern is the best interests of children (Family Ct Act § 1055 [b] [iv] [B]; *Matter of Commissioner of Social Servs. [Rodney D.]*, 236 AD2d 393; *Matter of Antonelli v Department of Social Servs.*, 155 AD2d 598; *Matter of Lindsay W.*, 129 AD2d 800), Dorrett G., the foster parent of Dina S. since shortly after her birth, challenged the paternity of Andrew H., who had been recognized as the child's father and whose name appears on her birth certificate. The Family Court, *sua sponte,* adopted the foster parent's application, supported by the Law Guardian, and ordered Andrew H. to submit to blood tests to determine Dina's paternity.

Prior to ordering the HLA and DNA blood tests, the court was required to conduct a hearing to consider the essential factors bearing on whether it would be in Dina's best interest to determine if Andrew H. is her biological father at this time *(see, Matter of Louise P. v Thomas R.,* 223 AD2d 592; *Vito L. v Filomena L.,* 172 AD2d 648; *Golser v Golser,* 115 AD2d 695). We therefore remit this matter to the Family Court, Queens County, to conduct that hearing, to make findings as to whether the challenge to the paternity of Dina S. is in her best interest, and thereupon to determine the branch of the motion which was to compel Andrew H. to submit to HLA and DNA blood testing.

Further, it was improper for the court to grant intervenor status to the former foster parents of Andrea S. H. and Andrew H., two of the subject children, since their interests as the former foster parents will not be affected by the results of the proceeding *(see, Matter of Tyrone G. v Fifi N.,* 189 AD2d 8).

The court properly ordered discovery of the medical records of Alice H., a possible custodian of the subject children, which are not privileged in this proceeding *(see,* Family Ct Act § 1046 [a] [vii]). However, they must be reviewed in the first instance, in camera, by the Family Court. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.