■ In the Matter of IVETTE R., a Child Alleged to be Abused and Neglected. MARTHA R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [725 NYS2d 53] —In an abuse proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Lopez-Torres, J.), dated September 28, 1999, which, upon a fact-finding order of the same court (McLeod, J.), dated March 1, 1999, made after a hearing, finding that she had abused the child, placed the child in the father's custody. The appeal brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The finding of abuse was supported by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]). The child, who was 11 years old at the time of the fact-finding hearing, recounted various acts of sexual abuse perpetrated upon her by the mother's boyfriend. The child also testified that she informed her mother that such abuse was taking place, yet her mother continued to allow the boyfriend to reside with them. Accordingly, the Family Court properly found that the child was abused within the meaning of Family Court Act § 1012 (e) (iii) and placed her in her father's custody (see, Matter of Jasmine O., 222 AD2d 240; Matter of Alan G., 185 AD2d 319;

see also, Matter of Nicole T., 178 AD2d 849; Matter of Danielle M., 151 AD2d 240).

Contrary to the contentions of the Law Guardian and the Administration for Children's Services, the appeal from that part of the dispositional order as placed the child in the father's custody is not academic, as the placement is not time-limited. Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.