■ In the Matter of PATRICIA SNYPES, Appellant, v ADMINIS-TRATION FOR CHILDREN'S SERVICES, Respondent. [765 NYS2d 519] —In a custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Queens County (Seiden, R.), dated July 25, 2002, which granted the motion of the Administration for Children's Services to dismiss her petition for custody of her grandson.

Ordered that the order is affirmed, without costs or disbursements.

In November 1997 the appellant's grandson was placed in foster care. In January 2000 parental rights were terminated and the child was freed for adoption. In November 2000 the appellant petitioned for custody of the child. The Family Court properly granted the respondent's motion to dismiss the petition without a hearing, as the appellant's recourse was to seek adoption, not mere custody of the child (*see Matter of Patience B. v Administration for Children's Servs.,* 306 AD2d 473 [2003]; *Matter of Irons v Ford,* 289 AD2d 576, 577 [2001]; *Matter of Charles H.,* 207 AD2d 788, 789 [1994]; Social Services Law § 384-b [1]). Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.

■ In the Matter of JAMES WATTS, Appellant, v DANIELLE LEONARD, Respondent. [765 NYS2d 519] —In a visitation proceeding pursuant to Family Court Act article 5, the petitioner father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (DePhillips, J.), dated September 18, 2001, as, after a hearing, granted him only one visit with the subject child every four months.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances, the Family Court properly concluded that the petitioner father, who is imprisoned, is entitled to only three visits each year with his son at the correctional facility (*see* Family Ct Act § 549; Domestic Relations Law § 240; *Matter of Rodenbaugh v Gillen,* 291 AD2d 882 [2002]; *Matter of Lopez v Lopez,* 212 AD2d 710 [1995]).

The father's remaining contentions either are not properly before this Court because they are raised for the first time in his reply brief (*see Drake v Drake,* 296 AD2d 566 [2002]), or are without merit (*see Barbato v Barbato,* 264 AD2d 792 [1999]; *Smith v Finger,* 187 AD2d 711 [1992]). Smith, J.P., Townes, Cozier and Mastro, JJ., concur.