■ In the Matter of DAVID B. CLAUDIA B., Respondent; SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. ROBERT C. MITCHELL, Nonparty Appellant. [768 NYS2d 620]—In two related adoption proceedings pursuant to Family Court Act article 10, the Law Guardian appeals, by permission, from an order of the Family Court, Suffolk County (Lehman, J.), dated December 2, 2002, which, inter alia, granted the motion of the Suffolk County Department of Social Services to dismiss the petition of Claudia B., the aunt of the subject child.

In a child neglect proceeding pursuant to Family Court Act article 10, the Law Guardian appeals, as limited by his brief, from stated portions of an order of the Family Court, Suffolk County (Lehman, J.), dated December 2, 2002, which, inter alia, denied those branches of his motion which were to stay consideration of the adoption of the subject child pending approval or disapproval of a judicial surrender of parental rights executed by the mother, Sharon B., to allow Claudia B. to intervene in judicial surrender proceedings and all subsequent custody proceedings, to discharge the child from the custody of the Suffolk County Department of Social Services and place him in the custody of Claudia B., and to vacate as premature an order of disposition of the same court dated May 16, 2002, which continued placement of the child with the Suffolk County Department of Social Services and approved a permanency plan of adoption by the foster parent, and Claudia B. separately appeals, as limited by her brief, from stated portions of the same order.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The judicial surrender of parental rights executed by the mother was properly obtained, and was valid without further court order approving it (see Social Services Law § 383-c [3] [b]; [6] [d]). The putative father was given sufficient opportunity to participate in the proceedings (see 18 NYCRR 421.5), but failed to make himself available to the court or to the Suffolk County Department of Social Services (hereinafter the DSS).

The Family Court correctly denied those branches of the motion of the Law Guardian which were to allow the aunt, Claudia B., to intervene in the proceedings and to take custody of the child. The aunt, who has custody of the child's five siblings, told the DSS on more than one occasion that she could not and would not care for the subject child. The aunt then waited until after the foster parent filed a petition for adoption before she sought custody. The aunt essentially waived any right to intervene in any of the proceedings pursuant to Family Court Act § 1035 (f) by refusing to become involved in the case.

Furthermore, the Family Court had before it sufficient information to make a custody determination in the child's best

interests (*cf. Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]; *Matter of Lenny M.J. v Luis V.,* 100 AD2d 514 [1984]). The foster parent is the only parent the child has ever known. It is in the child's best interests to continue that stable relationship, rather than be separated from the foster parent in order to live with his siblings, whom he has apparently never met (*see Matter of Peter L.,* 59 NY2d 513, 520 [1983]; *Matter of Gladys B.,* 274 AD2d 689, 690 [2000]; *Matter of Copeland v Copeland,* 232 AD2d 822, 823 [1996]; *Matter of Elizabeth YY. v Albany County Dept. of Social Servs.,* 229 AD2d 618, 619-620 [1996]; *Matter of Mary Liza J. v Orange County Dept. of Social Servs.,* 198 AD2d 350, 351 [1993]). In light of these circumstances, the Family Court also correctly concluded that it was in the best interests of the child not to disturb the permanency plan of adoption by the foster parent (*see* Domestic Relations Law § 116 [4]; Social Services Law § 383 [3]; *cf. Matter of Michael B.,* 80 NY2d 299, 312 [1992]).

The aunt's and the Law Guardian's remaining contentions are without merit. Santucci, J.P., Adams, Crane and Cozier, JJ., concur.