■ In the Matter of DAWN J. BANKS, Respondent, v JOHN T. HAIRSTON, Appellant. [775 NYS2d 124]—

Kane, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered April 10, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties, who never married, are the parents of one child (born in 1997). In 1999, the parties consented to an order of joint custody, with physical residence with the mother and visitation to the father. The mother then allowed the child to reside with the father. In November 2000, the mother filed a petition seeking to regain physical custody of the child. In February 2001, Family Court entered an order, based on a new agreement of the parties, granting primary physical residence to the father and visitation to the mother. The mother filed the present petition for modification in November 2001, alleging that the father is an alcoholic, abuses his girlfriend and inadequately supervises the child. Family Court ordered an investigation pur-

---

suant to Family Ct Act § 1034, which found the allegations unsubstantiated. After a hearing, the court continued joint custody, granted the mother primary physical residence, ordered supervised visitation for the father, and any future petition for unsupervised visitation was conditioned upon the father undergoing an alcohol evaluation and successful completion of any recommended alcohol treatment, 12 impulse control sessions and parenting classes. The father appeals.

We agree with the dissent that Family Court could find on this record that the father excessively consumed alcohol and that there were instances of domestic violence in his household in the time period between the prior consent order and the current petition, sufficient to constitute a change in circumstances. Nevertheless, we find that there was insufficient evidence as to whether a change of custody to the mother would serve the child's best interests. Courts will only alter an established custody arrangement upon a showing of a sufficient change in circumstances warranting a modification to insure the child's best interests (see Matter of Watts v Watts, 290 AD2d 822, 823-824 [2002], lv denied 97 NY2d 614 [2002]; Matter of Kelly v Sanseverino, 278 AD2d 535, 536 [2000]).

The only proof regarding effects on the child came from a neighbor, who described the child's reaction to three confrontations between the father and his girlfriend, and from the child's Head Start teacher. Notwithstanding the neighbor's testimony of the child's negative reaction to the household confrontations, the teacher described a child who came to school happy, appropriately dressed and enthusiastically involved in school activities. The teacher further testified to appropriate interaction with the girlfriend at two conferences, one at school and one on a home visit. No forensic evaluations were performed of the mother, father, live-in girlfriend or the child. Significantly, no home study was conducted on the mother's home despite testimony of the recent return of two of her children from foster care. These children had been removed from the mother as a result of a neglect petition. The record contains no proof of any continuing supervision of the mother's home by the Department of Social Services or any other agency.* Along with their mother, these children suffer from serious mental health problems. There was no testimony as to the current state of their mental health nor as to their relationship with the child, other than the mother's general statements that her children all love each other. Under these circumstances, there was insuf-

---

* While Family Court may have been aware of prior proceedings involving this family, the record is bereft of any such information.

ficient proof that the change of circumstances found by Family Court warranted a change in custody (*see Matter of Parkhurst v McFall*, 1 AD3d 78, 81 [2003]).

We must remit for further testimony regarding whether a custody modification would serve the child's best interests. To avoid any additional upheaval in the child's life, Family Court's order will remain in effect as a temporary order until further order of that court.

Peters, J.P., Spain and Mugglin, JJ., concur.

Rose, J. (dissenting). I respectfully dissent. There is ample evidence to support the Law Guardian's position and Family Court's determination that the best interests of the child would be served by changing physical residence to the mother. Although the father consistently disputed the instances of alcohol abuse and domestic violence reflected in several police reports and testified to by other witnesses, Family Court found his testimony largely incredible. The court also personally witnessed the contentious behavior of the father's live-in girlfriend, whose conduct was shown to have adversely affected both the child and the mother's relationship with the child. In addition, the father had not paid his rent for a couple of months and had received an eviction notice.

Moreover, the testimony of the father's downstairs neighbor, which Family Court credited in full, established that he was often intoxicated, drove while under the influence of alcohol, violently argued with and struck his live-in girlfriend in the presence of the child, left the child unattended during disputes with his girlfriend and abused the child, striking her and calling her "a bitch, just like [your] mother." There was also evidence that the child was afraid to return home after visitation with the mother, and the father allowed the child to consistently refer to the father's girlfriend as "mommy" and to her mother by the mother's first name. Such testimony justified Family Court's concerns for the health and welfare of the child if she were to continue to reside with the father. These concerns reasonably led the court to order the father to submit to an alcohol evaluation, participate in impulse control sessions and receive formal parenting training. Family Court also noted that, while the mother has psychological and other problems, her other children had recently been returned to her from foster care. Her testimony indicated that she acknowledges her limitations and receives professional assistance in coping with them. The father, on the other hand, denied having any problem with either alcohol or domestic violence and is receiving no rehabilitation or parenting training.

Notwithstanding the testimony of one of the child's Head Start teachers that the child does very well in school, there is a sound and substantial basis in this record to support Family Court's findings that the father is unfit and the mother, while far from perfect, offers the better alternative (*see Matter of Meyer v Rudinger*, 285 AD2d 714, 715 [2001]; *Matter of Thompson v Thompson*, 267 AD2d 516, 518 [1999]). Accordingly, I would affirm Family Court's order.

Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded petitioner physical custody; matter remitted to the Family Court of Broome County for a hearing as to the best interests of the child, and the order entered April 10, 2002 shall remain in effect as a temporary order; and, as so modified, affirmed.