■ In the Matter of JESSICA F. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; RUTH C., Appellant. (Proceeding No. 1.) In the Matter of AARON C. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; RUTH C., Appellant. (Proceeding No. 2.) In the Matter of ASHLEY S. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; RUTH C., Appellant. (Proceeding No. 3.) In the Matter of LAPORSHA S. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; RUTH C., Appellant. (Proceeding No. 4.) In the Matter of BRIANNA C. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; RUTH C., Appellant. (Proceeding No. 5.) In the Matter of ERICA S. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; RUTH C., Appellant. (Proceeding No. 6.) [777 NYS2d 198]—

In six related child neglect proceedings pursuant to Family Court Act article 10, the great-grandmother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Richardson-Thomas, J.), dated April 2, 2003, as, upon a decision of the same court dated March 12, 2003, denied those branches of her motion which were for (1) the release of the subject children Aaron C., Ashley S., and LaPorsha S. into her custody during the pendency of a permanency hearing, (2) the direct placement of the subject children Erica S. and Brianna C. into her care during the pendency of a permanency hearing, or (3) visitation with the subject children Aaron C., Ashley S., LaPorsha S., Erica S., and Brianna C., during the pendency of a permanency hearing.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the order (*see* CPLR 5520 [c]; Family Ct Act § 1112); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for the completion of the permanency hearing.

A petition for extension of placement in foster care, in accordance with a permanency plan for a child, is governed by Family Court Act § 1055, which gives the court discretion to order successive extensions of up to one year each and requires the court to determine if an extension is inconsistent with the permanency plan established for the child (*see Matter of Glenn B.,* 303 AD2d 498 [2003]; Family Ct Act § 1055 [b] [i], [iv] [A], [B]). Contrary to the contention of the appellant, Ruth C., the great-grandmother of the subject children, the permanency hearing required by Family Court Act § 1055 (b) (ii) does not authorize a mid-hearing application for permanent custody or direct placement of the children by any party to the proceeding, or a separate, special hearing on such a request (*see Matter of Mekeia F.,*

222 AD2d 325, 326 [1995]). Moreover, it is improper for the Family Court to consider a custody request by a nonparent, prior to the termination of parental rights, absent extraordinary circumstances, which are lacking in this case (*see Matter of Michael B.,* 80 NY2d 299, 310, 315 [1992]; *Matter of Bennett v Jeffreys,* 40 NY2d 543, 544 [1976]; *Matter of Marylou L. v Tenecha L.,* 182 Misc 2d 457, 461 [1999]).

In any event, the Family Court, which permitted Ruth C. to participate fully in the permanency hearing concerning the subject children Aaron C., Ashley S., and LaPorsha S., has the authority to determine, when it disposes of the permanency petitions, whether Ruth C., or any other relative, is "fit and willing" to accept permanent placement of those children (*see* Family Ct Act § 1055 [b] [iv] [B] [5] [iv]). Hence, contrary to Ruth C.'s contention, she was not deprived of an opportunity to be heard on that issue.

Additionally, the Family Court properly determined that neither Family Court Act § 1030 nor § 1081 provides a basis for Ruth C.'s application for visitation with Aaron C., Ashley S., and LaPorsha S. Family Court Act § 1030 only applies to requests for visitation made prior to the entry of a dispositional order in an underlying neglect proceeding. The dispositional orders were rendered in these proceedings in 1999 (*see* Family Ct Act § 1030 [e]). Family Court Act § 1081 (1) only permits a noncustodial parent or grandparent to seek visitation. Ruth C., as the great-grandmother of the subject children, cannot avail herself of this provision (*see Matter of Katrina E.,* 223 AD2d 363 [1996]). The Family Court correctly ruled that Ruth C.'s request for visitation with those children pursuant to Family Court Act § 1055 was academic.

The Family Court properly determined that Ruth C., as a great-grandmother never legally responsible for the care of Erica S. and Brianna C., lacked standing to participate in their permanency hearings, or to request either visitation with them or their direct placement with her (*see Matter of S. Children,* 238 AD2d 364, 365 [1997]).

Accordingly, we remit the matter to the Family Court, Queens County, for the completion of the permanency hearing in accordance with this decision and order. Florio, J.P., Smith, Crane and Rivera, JJ., concur.