■ In the Matter of Susan FF., Appellant, v Maryann FF. et al., Respondents. [783 NYS2d 669]—

Mugglin, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered June 23, 2003, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of petitioner's grandchild.

Two children, a girl (born in 1998) and a boy (born in 1999), have been in foster care since 2001 by reason of parental neglect. Petitioner, their maternal grandmother, seeks custody alleging that it would be in the children's best interests as opposed to continued placement in foster care. Following presentation of her evidence, Family Court granted a motion to dismiss the petition for failure to establish a prima facie case, and petitioner appeals.

We affirm. Contrary to petitioner's first argument, we perceive no error in Family Court having received in evidence three indicated reports made in 1982, 1984 and 1989 that petitioner neglected her own children. Although remote in time, each report is indicative of petitioner's willingness to ignore the best interests of her children and more recent evidence of her willingness to do so is found in a January 2001 assault by petitioner against the mother of these children in their presence (*see Matter of Antonia QQ. [Lance RR.]*, 1 AD3d 841, 842 [2003]). Moreover, it does not appear from the decision that Family Court placed undue emphasis on the remote reports.

Next, we disagree with petitioner's second argument that Family Court erred by not ordering forensic evaluations of her and her paramour. Petitioner did not request forensic evalua-

tions and a home study was performed, making petitioner's argument without merit (*see Matter of Thompson v Thompson*, 267 AD2d 516, 519 [1999]; *compare Matter of Banks v Hairston*, 6 AD3d 886, 887-888 [2004]).

Lastly, we disagree with petitioner's substantive argument that Family Court's decision is not in the best interests of the children. Where, as here, the court's decision to dismiss the petition has a sound and substantial basis in the record, it will not be disturbed (*see Matter of Schermerhorn v Breen*, 8 AD3d 709, 710 [2004]). The evidence establishes that petitioner could not provide adequate housing for the children since her residence is owned by her elderly paramour, who is not in good health, her grandson would have to share a room with petitioner's 27-year-old disabled son, petitioner is unemployed and not in good health, petitioner relies on her paramour to provide transportation since she does not have a driver's license, petitioner admittedly has a bad temper, and it is evident that petitioner has a much stronger emotional bond with her granddaughter than she does with her grandson. Under these circumstances, while continued placement in foster care is not ideal, it is not in the best interests of these children to have custody awarded to petitioner.

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.