■ In the Matter of ANGELA S., Appellant, v ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents. [835 NYS2d 226]—

In related child custody proceedings pursuant to Family Court Act article 6, the petitioner appeals from (1) an order of the Family Court, Kings County (Pearl, J.), dated November 4, 2005, which, after a hearing, dismissed the petition for custody of the child Destiny H., and (2) an order of the same court dated December 19, 2005, which, after a hearing, dismissed the petitions for custody of the children Jezzie H. and Isaiah H.

Ordered that the orders are affirmed, without costs or disbursements.

Custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (*see Matter of Brian S. v Stephanie P.,* 34 AD3d 685, 686 [2006], *lv denied* 8 NY3d 805 [2007]; *Matter of James v Hickey,* 6 AD3d 536, 537 [2004]). Accordingly, a determination of custody should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of James v Hickey, supra*). The essential consideration in any child custody controversy is the best interests of the child (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]).

Here, the Family Court's determination that it was in the best interests of the subject children (hereinafter the grandchildren) to deny custody to their maternal grandmother has a sound basis in the record. The petitioner, who worked full time and cared for five of her own children, did not demonstrate that she could make child care arrangements which would accommodate the special needs of two of the grandchildren (*see Matter of Luz Maria V.,* 23 AD3d 192, 194 [2005]; *Matter of Donald W.,* 17 AD3d 728, 730 [2005]). Additionally, there was evidence that the living arrangements at the petitioner's house would be unsuitable for the grandchildren (*see Matter of Susan FF. v Maryann FF.,* 11 AD3d 757, 758 [2004]). Accordingly, the court properly determined that their best interests required continuing custody with the Administration for Children's Services so that they could be made available for adoption by their foster

mother, who had cared for the grandchildren for the majority of their lives (*see Matter of James v Hickey, supra* at 537; *Matter of Ella J. v Iva J.*, 4 AD3d 527, 528 [2004]; *Matter of Violetta K. v Mary K.*, 306 AD2d 480, 481 [2003]). Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.