■ In the Matter of KENNETH ALFANO et al., Respondents, v TANYA SCHULTHIS-DEVOE, Appellant. MICHAEL S. BROMBERG, Nonparty Appellant. (And a Related Proceeding.) [854 NYS2d 159]—

Shortly after the birth of the subject child, the Family Court, upon an emergency removal petition and with the mother's consent, placed the child in the temporary custody of the respondents. The neglect petition was established upon the mother's admission. Thereafter, the Family Court approved a permanency goal of a "planned permanent living arrangement that includes a significant connection to an adult who is willing to be a permanency resource for the child" (Family Ct Act § 1089 [c] [1] [v]). The respondents sought custody pursuant to this arrangement and, after a hearing, the Family Court, inter alia, granted their petition.

Contrary to the appellants' contention, the respondents had standing to petition for custody based upon their lawful temporary custody of the child and the Family Court's authority, in furtherance of the approved permanency goal, to grant them custody as "suitable persons" pursuant to Family Court Act § 1017 (2) (a) (i). The determination that the best interests of the child were served by allowing him to remain in the custody of the respondents has a sound and substantial basis in the record and should not be disturbed (*see Matter of Battista v Fasano*, 41 AD3d 712 [2007]; *Matter of James v Hickey*, 6 AD3d 536, 537 [2004]).

The appellants' remaining contentions are without merit. Miller, J.P., Covello, Eng and Chambers, JJ., concur.