■ In the Matter of AMBER B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PAULINE B. et al., Respondents-Respondents; RUTH W., Intervenor-Appellant. (Proceeding No. 1.) In the Matter of AMBER B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PAULINE B., Respondent; RUTH W., Intervenor-Appellant. (Proceeding No. 2.) In the Matter of ABQUIL CHINA W., Also Known as ABBY B. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; PAULINE B. et al., Respondents; RUTH W., Intervenor-Appellant. (Proceeding No. 3.) In the Matter of AMBER OLIVIA B. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; PAULINE B. et al., Respondents; RUTH W., Intervenor-Appellant. (Proceeding No. 4.) In the Matter of ANGELICA SYLVIA B. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; PAULINE B. et al., Respondents; RUTH W., Intervenor-Appellant. (Proceeding No. 5.) In the Matter of MALE B., Also Known as OMAR B. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; PAULINE B. et al., Respondents; RUTH W., Intervenor-Appellant. (Proceeding No. 6.) In the Matter of JOSHUE PAUL B., Also Known as JOSHUA B. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; PAULINE B. et al., Respondents; RUTH W., Intervenor-Appellant. (Proceeding No. 7.) [857 NYS2d 590]—

In related proceedings, inter alia, pursuant to Family Court Act article 10-a, the intervenor maternal grandmother appeals from an order of the Family Court, Kings County (Elkins, J.), dated October 3, 2006, which, after a permanency hearing, denied her application for custody of the subject children.

Ordered that the order is affirmed, without costs or disbursements.

Family Court Act § 1089 (d) provides that "[a]t the conclusion of each permanency hearing, the court shall, upon the proof adduced . . . in accordance with the best interests and safety of the child . . . determine and issue its findings, and enter an order of disposition in writing." Under the statute, the Family Court is given authority to "approve . . . or modify" the permanency goal, which may be "return to parent," "placement for adoption," or "permanent placement with a fit and willing relative" (Family Ct Act § 1089 [d] [2] [i] [A], [B], [D]; see Matter of A.B. v D.W., 16 Misc 3d 578, 581 [2007]; Matter of Jessica F., 7 AD3d 708, 710 [2004] [Family Ct Act former § 1055 (b) (iv) (B) (5) (iv)]).

Here, the Administration for Children's Services established its prima facie burden of demonstrating the appropriateness of the permanency goal of adoption by the foster parents by submitting evidence that the children have been in the same foster homes since they were placed in foster care in 2002, that the foster homes were found to be appropriate, and that the children have bonded with their respective foster parents. Further evidence demonstrated that the foster parents are adequately providing for the children's special needs, and that it was the children's wish to remain with their foster parents.

The Family Court's finding that the maternal grandmother, while not unfit, had little or no relationship with the children prior to their entering foster care and had no relationship with them during the first three years of their placement, is supported by the record. Accordingly, the Family Court properly denied the maternal grandmother's application for custody and determined that the children's best interests required continuing custody with the Administration for Children's Services so that they could be made available for adoption by their foster parents (see Matter of Jennifer R., 29 AD3d 1003 [2006]; Matter of Angela S. v Administration for Children's Servs., 39 AD3d 551 [2007]; Matter of Mary Liza J. v Orange County Dept. of Social Servs., 198 AD2d 350 [1993]; Matter of David B., 2 AD3d 725 [2003]; Matter of James v Hickey, 6 AD3d 536 [2004]). Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.