■ In the Matter of DENISE McHARRIS, Appellant, v ADMINIS-TRATION FOR CHILDREN'S SERVICES et al., Respondents. [862 NYS2d 382]—

In related proceedings pursuant to Family Court Act article 6, the mother's cousin appeals from (1) an order of the Family Court, Queens County (Anixiadis, R.), dated June 14, 2007, which, without a hearing, denied her petition for custody of the subject children, and (2) an order of the same court dated June 29, 2007, which, without a hearing, denied her petition for visitation with the subject children.

Ordered that the orders are affirmed, without costs or disbursements.

The subject children have been living in foster care since June 2003. Parental rights were terminated and they were freed for adoption in February 2006. In December 2006, the appellant, the cousin of the mother of the subject children, petitioned for custody of the children. In February 2007, the appellant petitioned for visitation with the children.

The Family Court properly denied the petition for custody without a hearing, "as the appellant's recourse was to seek adoption, not mere custody," of the children (*Matter of Snypes v Administration for Children's Servs.,* 308 AD2d 593 [2003]; *see Matter of Patience B. v Administration for Children's Servs.,* 306 AD2d 473 [2003]; *Matter of Irons v Ford,* 289 AD2d 576, 577 [2001]; *Matter of Annie H.,* 207 AD2d 788, 789 [1994]; Social Services Law § 384-b [11]). The Family Court also properly denied the petition for visitation without a hearing, since parental rights had already been terminated and the children had been freed for adoption upon the termination of parental rights, and upon the placement of the subject children into a

pre-adoptive home, the Legislature clearly limited the right to seek visitation to noncustodial parents, grandparents, and siblings. Thus, the appellant, as the mother's cousin, lacked standing to petition the Family Court for visitation with them (*see Matter of Jessica F.*, 7 AD3d 708, 710 [2004]; *Matter of Katrina E.*, 223 AD2d 363 [1996]; Family Ct Act § 1081; Domestic Relations Law §§ 71, 72). Fisher, J.P., Covello, Angiolillo and Balkin, JJ., concur.