In related proceedings pursuant to Social Services Law § 384-b to terminate the mother’s parental rights on the ground of permanent neglect, and related custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Nassau County (Greenberg, J.), dated February 10, 2011, as, after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the children to the Nassau County Department of Social Services for the purpose of adoption, and the children Joseph W and Kenneth W, also known as Kenneth L, separately appeal from the same order which, inter alia, after a hearing, denied the maternal grandmother’s petitions for custody of them.
Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The Family Court properly found that the mother permanently neglected the subject children. The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (see Social *1348 Services Law § 384-b [7]; Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]). These efforts included facilitating visitation, regularly visiting and speaking with the mother by telephone, repeatedly providing the mother with referrals for drug treatment programs and mental health evaluations and counseling, and repeatedly advising the mother of the need for her to attend and complete such programs (see Matter of Darrnell G. [Robin Denise H.], 88 AD3d 789, 790 [2011]; Matter of Beyonce H. [Baranaca H.], 85 AD3d 1168, 1169 [2011]; Matter of Austin C. [Alicia Y.], 77 AD3d 938, 938-939 [2010]). Despite these efforts, the mother failed to plan for the children’s future by failing to attend visitation sessions regularly, failing to participate in a substance abuse treatment program, continuing the use of illegal drugs, and failing to attend therapy and take her medication consistently (see Matter of Dileina M.F. [Rosa F.], 88 AD3d 998, 999 [2011]; Matter of John M. [Raymond K.], 82 AD3d 1100 [2011]; Matter of Dustin H. [Patricia B.], 68 AD3d 1112, 1113 [2009]). Moreover, based on the evidence adduced at the dispositional hearing, the Family Court properly determined that it was in the best interests of the children to terminate the mother’s parental rights (see Matter of Anthony R. [Juliann A.], 90 AD3d 1055, 1056-1057 [2011]).
The Family Court’s determination that it was in the best interests of the children to deny the maternal grandmother’s petitions for custody of the children has a sound basis in the record (see Matter of Angela S. v Administration for Children’s Servs., 39 AD3d 551 [2007]; Matter of James v Hickey, 6 AD3d 536, 537 [2004]; Matter of Violetta K. v Mary K., 306 AD2d 480 [2003]). Skelos, J.P., Florio, Roman and Miller, JJ., concur.
Motion by Gloria S., inter alia, to strike stated portions of the brief of the appellants Joseph W and Kenneth W, also known as Kenneth L, on appeals from an order of the Family Court, Nassau County, dated February 10, 2011. By decision and order on motion of this Court dated February 14, 2012, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,
Ordered that the branch of the motion which was to strike stated portions of the brief of the appellants Joseph W and Kenneth W, also known as Kenneth L, is denied. Skelos, J.E, Florio, Roman and Miller, JJ., concur.