■ In the Matter of ENDER M.Z.-P., Appellant, v ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents. (Proceeding No. 1.) In the Matter of DARRYL A.H. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; OLGA Z. et al., Respondents. ENDER M.Z.-P., Nonparty Appellant. (Proceeding No. 2.) [10 NYS3d 108]—

Appeals from (1) an order of custody of the Family Court, Queens County (Margaret P. McGowan, J.), dated April 3, 2014, and (2) an order of disposition of that court also dated April 3, 2014. The order of custody granted that branch of the motion of the attorney for the subject child which was to dismiss the maternal uncle's petition for custody of the subject child. The order of disposition granted that branch of the motion of the attorney for the child which was pursuant to Family Court Act § 1061 to modify an order of fact-finding and disposition of that court, dated April 12, 2012, by adding thereto a provision transferring custody of the subject child to the Commissioner of Social Services of the City of New York and Little Flower Children and Family Services for the purpose of adoption.

Ordered that the orders dated April 3, 2014, are affirmed, without costs or disbursements.

The record amply supports the Family Court's determination that it was in the subject child's best interests to grant that branch of the motion of the attorney for the child which was to dismiss the petition of the maternal uncle for custody of the child (see Matter of Adams v Administration for Children's Services-Queens, 122 AD3d 840 [2014]; Matter of Amber B., 50 AD3d 1028 [2008]). The record shows that the child has bonded with his foster family and is happy, healthy, and thriving in that home, while the maternal uncle has not visited or communicated with the child for three years, and has failed to make himself available for a court-ordered forensic evaluation (see Matter of Geneva B. v Administration for Children's Servs., 73 AD3d 406 [2010]; Matter of Mullings v Foster, 40 AD3d 1102 [2007]). Thus, the court properly found that it was in the child's best interest to be freed for adoption by his foster parents, which, the record indicates, is the foster parents' intent, rather than be removed to the custody of the maternal uncle (see Matter of Michael M. [Maritza H.], 103 AD3d 471 [2013]; Matter of James v Hickey, 6 AD3d 536 [2004]; Matter of Violetta K. v Mary K., 306 AD2d 480 [2003]). For the same reasons, the court properly granted that branch of the motion of the attorney for the child which was pursuant to Family Court Act § 1061 to modify an order of fact-finding and disposition dated April 12, 2012, which terminated the mother's parental rights, by adding a provision transferring custody and guardianship of the child to the Commissioner of Social Services of the City of New York and Little Flower Children and Family Services for the purpose of adoption.

Contrary to the contention of the maternal uncle, the Family Court did not deviate from this Court's directive on remittitur

on a prior appeal in this matter (*see Matter of Ender M. Z.-P. [Olga Z.],* 109 AD3d 834 [2013]; *cf. Wiener v Wiener,* 10 AD3d 362 [2004]). Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.