■ In the Matter of JOSEE L.H., an Infant. DECARLA L., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [29 NYS3d 356]—

Order, Family Court, New York County (Susan M. Doherty, Ref.), entered on or about April 3, 2015, which, after a hearing, changed the permanency goal for the subject child from reunification to placement for adoption, unanimously affirmed, without costs. Appeal from order, same court and Referee, entered on or about April 3, 2015, which limited the mother's communication with her then assigned-counsel to once a week, unanimously dismissed, without costs, as moot.

A preponderance of the evidence supported the finding that a change in permanency goal to adoption was in the subject child's best interests (*see Matter of Acension C.L. [Jesate J.]*, 96 AD3d 1059 [2d Dept 2012]; *Matter of Amber B.*, 50 AD3d 1028, 1029 [2d Dept 2008]; Family Ct Act § 1089 [d]).

Notwithstanding the agency's reasonable efforts to assist the mother in accomplishing the permanency goal of reunification of the child with the mother, the mother failed to cooperate. In particular, the mother failed to sign releases and maintain contact with the agency or caseworkers. In addition, the mother was rejected by the State of Indiana, where the child was living with a kinship foster parent, for approval as a resource for the child in Indiana, in connection with the Interstate Compact on the Placement of Children, due to her failure to disclose her current income and street address, as well as an incident at

the child's school that resulted in an outstanding felony warrant against the mother for trespass, to which she had never responded. The mother also had failed to obtain regular mental heath treatment (see Matter of Alexander L. [Andrea L.], 109 AD3d 767, 767 [1st Dept 2013], lv dismissed 22 NY3d 1056 [2014]; Matter of Jacelyn TT. [Tonia TT.—Carlton TT.], 80 AD3d 1119, 1120-1121 [3d Dept 2011]).

The record does not support the mother's argument that the court violated her due process rights by refusing to grant her an adjournment of the proceedings where her physical absence was due to her own failure to respond to an outstanding arrest warrant, and her inability to participate by telephone was due to her persistent disruptive and obstreperous conduct during the proceedings (see e.g. People v Paige, 134 AD3d 1048, 1052-1053 [2d Dept 2015]).

Finally, the mother's appeal from the order limiting her contact with her court-appointed attorney is moot, as that order specifically was limited to an attorney who has since been relieved as her counsel.

We have considered the mother's remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Webber, JJ.