Matter of Garcia v Lopez-Garcia (2019 NY Slip Op 08562)





Matter of Garcia v Lopez-Garcia


2019 NY Slip Op 08562


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2018-03293
2018-03297
 (Docket Nos. V-7971-13, V-7972-13, V-7980-13, V-7981-13, V-7982-13, V-7983-13, V-7984-13, V-7985-13, V-7986-13, V-7987-13, V-7988-13)

[*1]In the Matter of Madeline Garcia, appellant, 
v
Maritza Lopez-Garcia, et al., respondents.


George E. Reed, Jr., White Plains, NY, for appellant.
J. Henry Neale, Jr., White Plains, NY, for respondent Maritza Lopez-Garcia.
John M. Nonna, County Attorney, White Plains, NY (Linda M. Trentacoste and Loren Zeitler of counsel), for respondent Westchester County Department of Social Services.
Joseph Petito, Poughkeepsie, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to article 6 of the Family Court Act, the maternal grandmother appeals from two orders of the Family Court, Westchester County (Hal B. Greenwald, J.), both entered March 16, 2018. The first order, after a hearing, denied the grandmother's petitions for custody of three of her grandchildren. The second order, after a hearing, denied the grandmother's petitions for custody of a fourth grandchild.
ORDERED that the orders are affirmed, without costs or disbursements.
The maternal grandmother commenced proceedings pursuant to Family Court Act article 6 for custody of four of her grandchildren. A hearing on her petitions was consolidated with a dispositional hearing in proceedings commenced by the Westchester County Department of Social Services against the mother, inter alia, pursuant to Social Services Law § 384-b, seeking to terminate the mother's parental rights and free the children for adoption. After the hearing, the Family Court denied the grandmother's petitions.
The Family Court providently exercised its discretion in determining that the children's best interests would not be served by an award of custody to the grandmother. "A grandparent has no preemptive statutory or constitutional right to custody surpassing that of persons who might be selected by the agency as suitable adoptive parents" (Matter of Geneva B. v Administration for Children's Servs., 73 AD3d 406, 406). Here, the children were thriving in the foster parent's home environment. The foster parent ensured that the children were receiving certain needed special services. It was in their best interests to continue that stable relationship, rather than be removed to the custody of their maternal grandmother (see Matter of Quida H. v Sara H., 127 [*2]AD3d 971, 972; Matter of James v Hickey, 6 AD3d 536, 537). Accordingly, the court providently exercised its discretion in denying the grandmother's custody petitions.
The grandmother's remaining contention is without merit.
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court