(December 12, 1985)

■ In the Matter of the Custody and Guardianship of NETFA

P., and Another, Infants. WINIFRED G., Intervenor-Appellant; EDWIN GOULD SERVICES FOR CHILDREN, Respondent.—Two orders of disposition of the Family Court, New York County (Bruce M. Kaplan, J.), both entered on March 30, 1984, after a fact-finding order (Aileen Schwartz, J.), which granted custody of the two minor children to petitioner Edwin Gould Services for Children for the purpose of adoption, unanimously modified, on the law and the facts and as an exercise of discretion, to remand the matter for a hearing for the sole purpose of determining the right of the children's maternal grandmother, intervenor-appellant Winifred G., to visitation, and otherwise affirmed, without costs.

Tamara F. was born September 24, 1976 to Elaine S. Her father has not communicated with her or provided any support. Netfa P. was born September 21, 1979 to Elaine S. His father subsequently died. The two children had resided with their mother. In December 1980, when Netfa P. was 15 months old, while under the care of his mother, a pot of hot water fell off the stove and scalded his feet so badly that all of his toes had to be amputated. One month later, Tamara F., then 4½ years old, was found alone in her apartment and playing with matches when firemen were summoned to put out a fire she apparently started. As a result of child abuse proceedings brought against the mother, Tamara F. was placed in foster care in January 1981. Netfa P. remained hospitalized until May 1981, when he was placed in foster care with a different family. Both children have continually resided with these foster families since that time.

Elaine S., the natural mother, has a history of psychiatric problems, including both outpatient and inpatient care at Kings County Hospital Center. She "went AWOL" from the inpatient ward in March 1982. Since 1982, she has been out of contact with her children.

On this record, the court properly terminated the parental rights of Elaine S. on the ground that the children were abandoned.

Petitioner Edwin Gould Services for Children, the authorized agency providing foster care, has petitioned for guardianship and custody of the children for the purpose of adoption by their current foster parents. The children's natural maternal grandmother, Winifred G., has intervened in these proceedings to seek custody for herself.

Once it has been found, as here, that the natural parent has

permanently neglected the child, the court's disposition of guardianship and custody must be made solely on the basis of the best interests of the child, and there shall be no presumption that such interests will be promoted by any particular disposition. (Family Ct Act §§ 631, 614 [1] [e]; *Matter of Bennett v Jeffreys,* 40 NY2d 543.) Under this criterion, a nonparent relative takes no precedence for custody over the adoptive parents selected by an authorized agency. *(See, Matter of Peter L.,* 59 NY2d 513, 520.)

In the case at bar, the record reveals that the children, who had been disturbed by their traumatic early life experiences, are improving and, indeed, thriving with their foster parents. The children have formed close ties during these continuous placements, and adoption by the foster parents will insure that their home environment will not be disrupted.

Thus, although the grandmother exhibits genuine affection for the children and expresses a sincere desire to do all that is within her ability to do to care for them, the Family Court's determination to grant custody to the foster parents should be affirmed, as it is in the best interests of the children.

While custody was properly granted to the foster parents, the Family Court should have considered at the same time granting visitation rights to the grandmother. Counsel for the grandmother asked the court, early on during the dispositional hearing, to consider the issue of visitation rights as well. However, in neither the oral decision nor the two formal orders did the court rule on the issue of visitation for the grandmother.

The law is now clear that under proper circumstances a natural grandparent may have right of visitation with one's grandchildren, even after the adoption of the child. *(People ex rel. Sibley v Sheppard,* 54 NY2d 320.) The question whether visitation should be granted lies solely within the discretion of the court, and must be guided in the light of what is required in the best interest of the children, "according to an enlightened, objective and independent evaluation of the circumstances." *(Matter of Ehrlich v Ressner,* 55 AD2d 953, 954; *see also, Lo Presti v Lo Presti,* 40 NY2d 522; *Matter of Johansen v Lanphear,* 95 AD2d 973; *cf.* Domestic Relations Law § 72.)

Accordingly, as the court neglected to consider the issue of visitation despite counsel's request, we remand for a new hearing solely for the court to examine the factors relevant to the grandmother's visitation rights and to make a determination with respect thereto.

The memorandum decision of this court accompanying the order entered on November 19, 1985 (114 AD2d 780) is recalled and vacated and the foregoing substituted therefor. Concur—Murphy, P. J., Sandler, Ross, Asch and Ellerin, JJ.