■ In the Matter of KAYWONNE M. and Others, Children Alleged to be Abandoned. GWENDOLYN M., Intervenor-Appellant; CONNIE S., Respondent; COMMISSIONER OF SOCIAL SERVICES, Respondent. GWENDOLYN M., Appellant, v CONNIE S. et al., Respondents. [619 NYS2d 279] —Order of disposition, Family Court, New York County (George Jurow, J.), entered July 16, 1993, which, insofar as appealed from, denied intervenor's application for court-ordered visitation, unanimously affirmed, without costs.

"The question whether visitation should be granted [to a grandparent] lies solely within the discretion of the court, and must be guided in the light of what is required in the best interest of the children, 'according to an enlightened, objective and independent evaluation of the circumstances.' " *(Matter of Netfa P.,* 115 AD2d 390, 392, quoting *Matter of Ehrlich v Ressner,* 55 AD2d 953, 954.) Here, the grandchildren reside in a preadoptive home in South Carolina, there is no evidence that intervenor's attempts to visit them there were being frustrated, there was evidence of an absence of a close relationship for nearly five years prior to the hearing in this matter, and the extensive visitation in New York City requested by intervenor was not reasonable. It was not an abuse of discretion to decline to order such visitation, while suggesting mutual voluntary efforts to accomplish visits in South Carolina. Concur—Murphy, P. J., Sullivan, Rosenberger and Asch, JJ.