■ In the Matter of DOROTHY JOHNSON, Appellant, v WILLIAM H. JONES, Respondent. [669 NYS2d 364] —In a paternity proceeding pursuant to Domestic Relations Law article 3-A, the petitioner appeals from an order of the Family Court, Westchester County (Shapiro, J.), entered May 15, 1996, which, after a hearing, dismissed her petition with prejudice.

Ordered that the order is affirmed, without costs or disbursements.

The burden of proof in a paternity proceeding rests upon the petitioner, who must "establish paternity by 'clear and convincing' evidence, evidence which is 'entirely satisfactory' and creates a genuine belief that respondent is the father of the child" (*Matter of Commissioner of Social Servs. [Patricia A.] v Phillip De G.*, 59 NY2d 137, 141-142, quoting *Matter of Lopez v Sanchez*, 34 NY2d 662). Moreover, "[a] child born during marriage is presumed to be the biological product of the marriage" (*Matter of Findlay*, 253 NY 1, 7; *Murtagh v Murtagh*, 217 AD2d 538, 539). This presumption is one of the strongest in the law and may only be rebutted by clear and convincing evidence tending to exclude the husband as the father or otherwise tending to disprove legitimacy (*see, Murtagh v Murtagh, supra; Ghaznavi v Gordon*, 163 AD2d 194).

Although the petitioner submitted evidence, including the results of a DNA test, as well as written declarations that the respondent was the father and that she and her husband were separated during the time frame in which conception occurred, the Family Court found the respondent's testimony denying sexual relations with the petitioner during the time frame in question to be credible. In light of the failure of the petitioner or her husband to testify and the lack of blood tests excluding the husband as the father, the court acted within its discretion in finding that the petitioner did not rebut the presumption of legitimacy by clear and convincing evidence (*see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., supra; Ghaznavi v Gordon, supra*). Thompson, J. P., Joy, Florio and Luciano, JJ., concur.