■ In the Matter of VLADIMIRAS GAVRUSINAS et al., Appellants, v ALEKSANDR MELNICHENKO, Respondent. [760 NYS2d 518] —In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the grandparents appeal, as limited by their brief, from so much of an order of the Family Court, Kings County (Wright, J.), dated November 5, 2002, as, upon granting their motion for reargument, adhered to its prior determination in an order dated September 18, 2002, dismissing the petition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the order dated September 18, 2002, is vacated, and the matter is remitted to the Family Court, Kings County, for a hearing, to determine if visitation with the grandparents is in the child's best interest.

The grandparents have standing to maintain the instant proceeding for visitation in light of the death of one of the parents of the subject child (*see Matter of Emanuel S. v Joseph E.,* 78 NY2d 178, 181 [1991]). Once the right to be heard has been established, whether visitation should be permitted is dependent upon a judicial assessment of the best interest of the child (*id.*). In its order dated November 5, 2002, granting reargument, the Family Court agreed with the grandparents' contention, raised in their motion for reargument, that it erred in its prior order that the grandparents lacked standing. However, the Family Court adhered to its prior determination dismissing the petition, finding, based upon affidavits submitted by the father in opposition to the grandparents' motion for reargument, that it was in the best interest of the child for there to be no visitation.

The Family Court erred in making a determination regarding the best interest of the child based upon the father's submissions where the issue before it on reargument strictly concerned the Family Court's error in dismissing the proceeding on the ground of lack of standing and where the Family Court afforded the grandparents no opportunity to present evidence or testimony. Therefore, the matter must be remitted to the Family Court, Kings County, for a hearing to determine whether visitation with the grandparents would be in the best interest of the child (*see Matter of Loretta D. v Commissioner of*

*Social Servs. of City of N.Y.,* 177 AD2d 573 [1991]). Santucci, J.P., Friedmann, Mastro and Rivera, JJ., concur.