■ BEVERLY B., Appellant, v ROSSANNH B. et al., Respondents. [824 NYS2d 633]—

Order, Family Court, Bronx County (Bonnie Cohen-Gallet, Referee), entered on or about September 9, 2005, which granted petitioner visitation with her granddaughter once every three months in Florida for two hours in a public place, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings before another referee.

Petitioner is a paternal grandmother who commenced this special proceeding pursuant to Domestic Relations Law § 72, seeking visitation with Kiara G., the daughter of petitioner's now-incarcerated son. Prior to the son's incarceration, petitioner, Kiara, and Kiara's parents lived together. Subsequently, Kiara's mother relocated Kiara to the maternal grandparents' residence in Florida, although the mother continues to live in Queens, where she attends college. Although there are numerous relevant factual disputes in this action, the Referee heard no formal testimony and received no documentary evidence. The record contains virtually no information to enable review of the restricted out-of-state visitation allowed petitioner. The

mother's attorney, who lacked personal knowledge, made allegations regarding the safety of petitioner's residence and the adequacy of her supervision of Kiara, but petitioner was not allowed to testify or offer any other evidence to rebut, or even the opportunity to confront and cross-examine any adverse witnesses. To the contrary, the record is replete with instances in which the Referee refused to let petitioner speak, talked over her, and reprimanded her for trying to present her position. This is particularly egregious where, as here, an individual appears pro se. Every party to a proceeding has a fundamental right to be heard (*see Mullane v Central Hanover Bank & Trust Co.*, 339 US 306 [1950]). Although the issues of whether visitation should be granted to a grandparent, and, if so, to what extent, are matters within the discretion of the court, such discretion cannot be exercised until the court first apprises itself of the pertinent circumstances (*see Matter of Netfa P.*, 115 AD2d 390, 392 [1985]). Since the fundamental right to be heard was not afforded petitioner, the order must be vacated and the matter should be remanded and assigned to another referee. Concur—Buckley, P.J., Tom, Nardelli and Williams, JJ.