■ In the Matter of JORDAN, an Infant. FAMILY FOCUS ADOPTION SERVICES, INC., et al., Appellants; MARIA B., Respondent. [875 NYS2d 188]—

In an adoption proceeding pursuant to Domestic Relations Law article 7, Family Focus Adoption Services, Inc., appeals, by permission, and Jane Doe No. 1 and Jane Doe No. 2, the adoptive parents of the subject child, separately appeal, by permission, from an order of the Family Court, Queens County (DePhillips, J.H.O.), dated April 15, 2008, which denied the cross motion of Family Focus Adoption Services, Inc., in which the adoptive parents joined, to dismiss, based upon lack of standing, the application of Maria B., the putative paternal grandmother, to obtain the identity and location of the adoptive parents in order to serve them with a petition for visitation.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the cross motion to dismiss the application of Maria B. is granted.

The Family Court erred in finding that Maria B., the putative paternal grandparent, has standing to seek visitation with the subject child. A grandparent has standing to seek visitation when either parent is deceased (*see* Domestic Relations Law § 72 [1]; *Matter of Gavrusinas v Melnichenko*, 305 AD2d 679 [2003]), even after the child has been adopted (*see People ex rel. Sibley v Sheppard*, 54 NY2d 320 [1981]; *Matter of Ann M.C. v Orange County Dept. of Social Servs.*, 250 AD2d 190, 193 [1998]). On the other hand, biological or legal strangers to a child have no standing to pursue visitation (*see Matter of Alison D. v Virginia M.*, 77 NY2d 651 [1991]; *Matter of Ronald FF. v Cindy GG.*, 70 NY2d 141 [1987]; *Matter of McHarris v Administration for Children's Servs.*, 53 AD3d 660 [2008]). Here, therefore, in order to seek visitation rights under Domestic Re-

lations Law § 72, Maria B. must establish that she is the child's biological grandparent (*see Matter of Eggleton v Clark*, 11 AD3d 459 [2004]; *Matter of Gross v Siegman*, 226 AD2d 724 [1996]; *Matter of Loretta D. v Commissioner of Social Servs. of City of N.Y.*, 177 AD2d 573 [1991]).

However, there was never any determination that Maria B.'s deceased son was the father of the subject child. There was never an acknowledgment of paternity (*see* Family Ct Act § 516-a) and no paternity petition was filed (*see* Family Ct Act § 523). Under the circumstances presented, Maria B. may not now commence a paternity proceeding (*see* Family Ct Act §§ 519, 522).

Moreover, the facts presented by Maria B. did not constitute clear and convincing evidence that her deceased son was the father of the subject child (*see Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 142 [1983]; *Matter of Johnson v Jones*, 247 AD2d 617 [1998]; *cf. Matter of Loretta D. v Commissioner of Social Servs. of City of N.Y.*, 177 AD2d 573 [1991]). Accordingly, Maria B. lacks standing to pursue visitation with the subject child.

The parties' remaining contentions either are without merit or need not be reached in light of this determination. Mastro, J.P., Balkin, Dickerson and Belen, JJ., concur.