The petitioners are the grandmother and step-grandfather (hereinafter together the grandparents) of the subject child, who was born in December 2001, and the respondents are his parents. The petitioners had a close and loving relationship with the child until December 2007, when the grandmother and the mother got into an altercation and the grandmother stabbed the mother with a knife. The mother filed a criminal complaint and the matter was resolved when the grandmother pleaded guilty to disorderly conduct. The mother also filed a family offense petition against both grandparents and requested, and was granted, several orders of protection against the grandmother, prohibiting her from contacting either the mother or the child from December 2007 to December 2010. On April 18, 2008, the grandparents separately petitioned for visitation. The mother moved to dismiss the petitions. The Family Court granted the motion on the basis of lack of standing, and *575 dismissed the petitions without a hearing. The petitioners appeal. We affirm.
The petitioner Maxim Chifrine is not the biological grandfather of the subject child, and he is not a legal grandfather by virtue of adoption. He is, therefore, not the child’s grandparent within the meaning of Domestic Relations Law § 72, which governs the standing of grandparents to seek visitation, and has no right thereunder to visitation (see Matter of Faison v Nassau County Dept. of Social Servs., 74 AD3d 1339, 1339-1340 [2010]; Matter of Jordan, 60 AD3d 764, 764-765 [2009]; Matter of Gross v Siegman, 226 AD2d 724 [1996]; Matter of Hantman v Heller, 213 AD2d 637 [1995]).
The Family Court also properly determined that the petitioner Irina Chifrine lacked standing to seek visitation with the subject child. In considering whether a grandparent is entitled to visitation under Domestic Relations Law § 72 where both parents are alive, the Family Court must determine, first, whether equitable circumstances exist which provide the grandparent with standing and, if such circumstances exist, whether visitation would be in the grandchild’s best interest (see Domestic Relations Law § 72; Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181 [1991]; Matter of Marks v Cascio, 24 AD3d 556, 557 [2005]; Matter of Knight v Griffith, 13 AD3d 449 [2004]; Matter of Horowitz v Kelly, 300 AD2d 659 [2002]). Under the particular circumstances of this case, a hearing was not necessary to determine that the grandmother lacked the requisite standing. Balkin, J.P., Hall, Lott and Cohen, JJ., concur.