**14**   In the Matter of VALERIE D. WEISS, Appellant, v ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [35 NYS3d 726]—

Appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated February 4, 2015. The order dismissed, without a hearing, the maternal grandmother's petition pursuant to Family Court Act article 6 for visitation with the subject child.

Ordered that the order is reversed, on the law, without costs or disbursements, the maternal grandmother's petition for visitation with the subject child is reinstated, and the matter is remitted to the Family Court, Orange County, for a hearing on the maternal grandmother's petition, to be conducted before the same Judge hearing the maternal grandmother's petition in a related proceeding for custody of the subject child commenced under docket No. V-710-14, and conducting a dispositional hearing in related proceedings to terminate the mother's parental rights commenced under docket Nos. B-1841-14 and B-1845-14, and a new determination thereafter.

· In this proceeding pursuant to Family Court Act article 6 for grandparent visitation with the subject child, the Family Court dismissed the maternal grandmother's petition for visitation, without a hearing, on the basis that she lacked standing to seek visitation as a result of a previous termination of the mother's parental rights. This was error. A biological grandparent may seek visitation with a child even after parental rights

have been terminated or the child has been freed for adoption (*see People ex rel. Sibley v Sheppard*, 54 NY2d 320, 326 [1981]; *Matter of Jordan*, 60 AD3d 764 [2009]; *Matter of Ann M.C. v Orange County Dept. of Social Servs.*, 250 AD2d 190, 193 [1998]; *Matter of Rita VV.*, 209 AD2d 866, 869 [1994]; *Matter of Loretta D. v Commissioner of Social Servs. of City of N.Y.*, 177 AD2d 573, 575 [1991]; *Matter of Netfa P.*, 115 AD2d 390, 392 [1985]). In any event, the dispositional portions of the orders terminating the mother's parental rights have been vacated on the mother's related appeal (*see Matter of Isabella R.W. [Jessica W.]*, 142 AD3d 503 [2016] [decided herewith]).

Where a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must undertake a two-part inquiry (*see Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]). First, the court must determine whether the grandparent has standing to petition for visitation based on the death of a parent or equitable circumstances (*see* Domestic Relations Law § 72 [1]; *Matter of E.S. v P.D.*, 8 NY3d at 157; *see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181-182 [1991]; *Matter of Gray v Varone*, 101 AD3d 1122, 1123 [2012]). Where the court concludes that the grandparent has established standing, the court must then determine whether visitation with the grandparent is in the best interests of the child (*see* Domestic Relations Law § 72 [1]; *Matter of E.S. v P.D.*, 8 NY3d at 157; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]; *Matter of Emanuel S. v Joseph E.*, 78 NY2d at 181; *Matter of Brancato v Federico*, 118 AD3d 986 [2014]). In determining whether equitable circumstances confer standing, the court must examine all relevant facts (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d at 182). "[A]n essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship," including whether the grandparent has a meaningful relationship with the child (*id.*; *see Matter of Luft v Luft*, 123 AD3d 831 [2014]; *Matter of Sherman v Hughes*, 32 AD3d 959, 960 [2006]).

Here, the grandmother's petition alleged the existence of a sufficient relationship with the child to confer standing upon her to seek visitation (*see Matter of Brancato v Federico*, 118 AD3d at 987; *Matter of Gray v Varone*, 101 AD3d at 1123). Further, the information before the Family Court was insufficient to enable it to undertake a comprehensive independent review of the standing issue, without a hearing (*cf. Matter of Seasia D. [Kareem W.]*, 75 AD3d 548, 552 [2010]; *Matter of Lynda D. v Stacy C.*, 37 AD3d 1151 [2007]).

Accordingly, the Family Court improperly dismissed the

grandmother's visitation petition without first conducting a hearing on the issue of her standing and, thereafter, if warranted, a hearing to determine whether visitation with the grandmother would be in the child's best interests (*see Matter of Brancato v Federico*, 118 AD3d at 987; *Matter of Gray v Varone*, 101 AD3d at 1123). Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.