■ In the Matter of Mary M., Appellant, v Tremaine L.M. et al., Respondents, and Administration for Children's Services, Respondent. [45 NYS3d 560]—

Appeal by Mary M. from an order of the Family Court, Kings County (Edward W. Yuskevich, Ref.), dated September 15, 2015. The order, insofar as appealed from, dismissed that branch of the petition of Mary M., the paternal grandmother of one of the two subject children, which was for custody of both subject children and, after a hearing, denied her separate motion for unsupervised visitation with the subject children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In 2008, the subject children (born in 2007 and 2008), were placed in foster care with the appellant, Mary M., the paternal grandmother of the younger child, following neglect proceedings against their biological mother. In March 2014, the children, then ages five and six, were removed from the appellant's home and placed in a pre-adoptive foster home after the appellant's son was arrested in connection with an incident involving the six year old child that occurred in the appellant's home. Thereafter, the court terminated the parental rights of the mother of the children and the children were freed for adoption. In June 2014, the appellant, inter alia, petitioned for custody of the children. In March 2015, the appellant moved for unsupervised visitation with the children.

The appellant did not have standing to seek visitation with the older child, with whom she has no biological relationship,

and so much of her motion as sought unsupervised visitation with that child should have been denied by the Family Court without a hearing (*see* Domestic Relations Law § 72; *Matter of Jordan*, 60 AD3d 764, 764-765 [2009]; *Matter of Gross v Siegman*, 226 AD2d 724 [1996]). As to the younger child, contrary to the appellant's contention, there was a sound and substantial basis for the court's denial, after a hearing, of that branch of the appellant's motion which was for unsupervised visitation with him (*see Matter of Doolittle v Orange County Dept. of Social Servs.*, 304 AD2d 828 [2003]; *Matter of D'Alessandro v D'Alessandro*, 283 AD2d 429 [2001]).

The appellant's remaining contentions either are without merit or do not require reversal (*see Matter of Maddox v Maddox*, 141 AD3d 529, 530 [2016]; *Matter of Krieger v Krieger*, 65 AD3d 1352 [2009]; *Matter of Tolbert v Scott*, 42 AD3d 548, 548 [2007]). Hall, J.P., Cohen, Duffy and Connolly, JJ., concur.