■ In the Matter of B.S. et al., Respondents, v B.T., Appellant, et al., Respondent. [49 NYS3d 732]—

Appeal by the mother from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated February 26, 2015. The order, after a hearing, granted the petition of the grandmother and stepgrandfather pursuant to Family Court Act article 6 for visitation with the subject child.

Ordered that the order is modified, on the law and the facts, (1) by deleting the provision thereof granting the petition insofar as asserted by the stepgrandfather, and substituting therefor a provision dismissing the petition insofar as asserted by the stepgrandfather, (2) by deleting the provision thereof providing that the grandmother shall have visitation on the first and third weekend of each month, and substituting therefor a provision providing that the grandmother shall have visitation on the first weekend of the month, on alternating months (i.e., six weekends per year), from Friday after school at 3:00 p.m. to Sunday at 7:00 p.m., commencing in April 2017, and that during the months when the grandmother does not have weekend visitation, the grandmother shall have visitation on the first and third Saturday of the month from 10:00 a.m. to 7:00 p.m., (3) by deleting the provision thereof requiring the grandmother to give 30 days notice of her intent to exercise a one-week visitation during the summer school break, and substituting therefor a provision providing that if the parties cannot agree by May 1st of each year on which week of the summer school break that the grandmother shall have her one-week visitation, then this visitation shall take place during the first full week of July, from Sunday at 10:00 a.m. to the following Sunday at 7:00 p.m., (4) by deleting the provision

thereof providing that the mother is responsible for picking up the child at the grandmother's home after overnight visitation, and substituting therefor a provision providing that the grandmother is responsible for providing the child with transportation for all court-ordered visitation, (5) by adding thereto a provision providing that the grandmother shall have a telephone call with the child at a minimum of once per week, at a mutually convenient time, and (6) by adding thereto a provision providing that if the grandmother's visitation on the first day of Hanukkah falls on Christmas Eve or Christmas Day, then this visitation shall take place on the day after Christmas, and that if the grandmother's visitation on the first day of Passover falls on Easter Sunday, then this visitation shall take place on the second day of Passover; as so modified, the order is affirmed, without costs or disbursements.

The paternal grandmother and paternal stepgrandfather of the subject child commenced this proceeding pursuant to Family Court Act article 6 for visitation with the child. After a hearing, the Supreme Court granted the petition and set forth a visitation schedule. The mother appeals.

As the mother correctly contends, since the paternal stepgrandfather is not the biological grandfather of the child or the legal grandfather by virtue of adoption, he is not the child's grandparent within the meaning of Domestic Relations Law § 72 and, therefore, he has no standing to seek visitation (*see Matter of Chifrine v Bekker*, 97 AD3d 574, 575 [2012]; *Matter of Faison v Nassau County Dept. of Social Servs.*, 74 AD3d 1339, 1339-1340 [2010]; *Matter of Jordan*, 60 AD3d 764, 764-765 [2009]; *Matter of Gross v Siegman*, 226 AD2d 724 [1996]; *Matter of Hantman v Heller*, 213 AD2d 637 [1995]). Accordingly, the petition for visitation should have been dismissed insofar as asserted by him.

Where a grandparent seeks visitation pursuant to Domestic Relations Law § 72 (1), the court must undertake a two-part inquiry (*see Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]; *Matter of Weiss v Orange County Dept. of Social Servs.*, 142 AD3d 505 [2016]). First, the court must determine whether the grandparent has standing to petition for visitation based on the death of a parent or equitable circumstances (*see* Domestic Relations Law § 72 [1]; *Matter of E.S. v P.D.*, 8 NY3d at 157; *Matter of Weiss v Orange County Dept. of Social Servs.*, 142 AD3d 505 [2016]). Here, the Supreme Court properly determined that the grandmother had standing to seek visitation based upon the equitable circumstances, including an ongoing and affectionate relationship between the grandmother and

the child (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]; *Matter of E.S. v P.D.*, 27 AD3d 757, 759 [2006], *affd* 8 NY3d 150 [2007]). Moreover, as a result of the father's unexpected death during the pendency of the visitation proceeding, the grandmother acquired automatic standing to seek visitation (*see Matter of E.S. v P.D.*, 8 NY3d at 157; *Matter of Lynda D. v Stacy C.*, 37 AD3d 1151 [2007]).

"Upon demonstrating standing to seek visitation . . . a grandparent must then establish that visitation is in the best interests of the grandchild" (*Matter of Hilgenberg v Hertel*, 100 AD3d 1432, 1433 [2012]). "Mere animosity between a parent and grandparent is not enough to deny visitation privileges to a grandparent" (*Matter of E.S. v P.D.*, 27 AD3d at 759). Based on the totality of the circumstances, the Supreme Court properly determined that visitation with the grandmother was in the best interests of the child (*see Matter of Seddio v Artura*, 139 AD3d 1075, 1077 [2016]). However, we find that the court's award of visitation, inter alia, on the first and third weekend of each month is disruptive to the child's home life and not in his best interests. Accordingly, we modify the order appealed from to provide that the grandmother shall have visitation with the child on the first weekend of the month, on alternating months (i.e., six weekends per year), from Friday after school at 3:00 p.m. to Sunday at 7:00 p.m., commencing in April 2017. Further, during the months when the grandmother does not have the child for weekend visitation, the grandmother shall have visitation with the child on the first and third Saturday of the month from 10:00 a.m. to 7:00 p.m.

The Supreme Court's order also provides that, each summer school break, the child shall have visitation with the grandmother for one full week, which we agree is in the child's best interests. However, we delete the provision of the order requiring the grandmother to give 30 days notice of her intent to exercise this visitation, and substitute therefor a provision providing that, if the parties cannot agree by May 1st of each year on which week this visitation shall occur, then this visitation shall take place during the first full week of July, from Sunday at 10:00 a.m. to the following Sunday at 7:00 p.m.

We additionally delete the provision of the order providing that the mother is responsible for picking up the child at the grandmother's home after overnight visitation, and substitute therefor a provision providing that the grandmother is responsible for providing the child with transportation for all court-ordered visitation. As set forth in the Supreme Court's order, the mother shall not schedule any activities for the child

during the grandmother's court-ordered visitation times. While the order provides that the grandmother shall have regular telephone contact with the child, we modify the order by adding thereto a provision providing that the grandmother shall have a telephone call with the child at a minimum of once per week, at a mutually convenient time.

We further agree with the mother that, to the extent the Supreme Court's award of visitation to the grandmother on certain Jewish holidays conflicts with the mother's desire to celebrate certain Christian holidays together with the child and her new family, it is not in the child's best interests. Accordingly, we modify the order to provide that if the grandmother's visitation on the first day of Hanukkah falls on Christmas Eve or Christmas Day, then this visitation shall take place on the day after Christmas, and that if the grandmother's visitation on the first day of Passover falls on Easter Sunday, then this visitation shall take place on the second day of Passover (*see Matter of E.S. v P.D.*, 27 AD3d at 759).

Contrary to the mother's contention, the Supreme Court providently exercised its discretion in declining to recuse itself, since the mother did not establish a basis for recusal pursuant to Judiciary Law § 14, and failed to set forth any proof of bias or prejudice on the part of the court (*see Aebly v Lally*, 140 AD3d 677, 678 [2016]). The decision appealed from had a substantial basis in the evidence presented at the hearing, and the mother failed to establish that the court engaged in any ex parte communications. We note that the hearing Justice's decision to attend the shiva for the deceased father of the child during the pendency of this proceeding was ill-advised and showed poor judgment. Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.