■ In the Matter of THERESA B., Appellant, v CLARENCE D.P., JR., et al., Respondents. [50 NYS3d 522]—Appeal by the petitioner from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated February 23, 2016. The order, insofar as appealed from, upon renewal and reargument, adhered to the original determination in two prior orders of that court, both dated February 5, 2016, which, without a hearing, granted the motion of Administration for Children's Services to dismiss the petitioner's guardianship petitions, and dismissed the petitions.

Ordered that the order dated February 23, 2016, is affirmed insofar as appealed from, without costs or disbursements.

The petitioner, who adopted two of the subject children's siblings, was the subject children's foster parent intermittently, for a total period of about six months, until January 2014. At that time, the children were removed from the petitioner's home based upon allegations that she failed to provide for their special needs. The petitioner abandoned her administrative challenge to the children's removal.

Approximately one year later, the petitioner filed petitions for guardianship of the children. The respondent Administration for Children's Services moved to dismiss the petitions. The Family Court, without a hearing, granted the motion and dismissed the petitions in two orders dated February 5, 2016. In an order dated February 23, 2016, made upon renewal and reargument, the court adhered to that determination.

"[W]hen considering guardianship appointments, the child's best interests are paramount" (*Matter of Quida H. v Sara H.*, 127 AD3d 971, 971 [2015]; *see Matter of Deven Meza F. [Maria F.—Oneyda M.]*, 108 AD3d 701, 702 [2013]). Here, the "facts material to the best interest analysis, and the circumstances surrounding such facts," most particularly, the children's removal from the petitioner's care and subsequent placement in pre-adoptive foster homes, were not in dispute and supported the Family Court's determination (*S.L. v J.R.*, 27 NY3d 558, 564 [2016]). Further, the court articulated the factors which were "material to its determination, and the evidence supporting its decision" (*id.* at 564). Under these circumstances, the court properly dismissed the guardianship petitions without a hearing (*see Matter of Ender M.Z.-P. v Administration for Children's Servs.*, 128 AD3d 713, 714 [2015]; *Matter of Joseph W. [Monica W.]*, 95 AD3d 1347, 1348 [2012]).

The respondent mother's remaining contention is without merit. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.