Matter of Kevin B. v Zovania B. (2018 NY Slip Op 01242)





Matter of Kevin B. v Zovania B.


2018 NY Slip Op 01242


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


5680A 5680

[*1] In re Kevin B., Petitioner-Appellant, 
v
Zovania B., Respondent-Respondent, Ronald B., Respondent.


Law Office of Bruce A. Young, New York (Bruce A. Young of counsel), for appellant.
Leslie S. Lowenstein, Woodmere, for respondent.
Karen P. Simmons, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.



Orders, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about January 4, 2017, which dismissed petitioner's petition for visitation with the subject child with prejudice, granted respondent mother's motion to dismiss and sua sponte granted summary judgment in favor of the mother, unanimously modified, on the law, to vacate the grant of summary judgment, and to grant the motion to dismiss without prejudice, and otherwise affirmed, without costs.
Family Court correctly determined that petitioner lacks standing to pursue his claim for visitation with the child, as he failed to plead that he is the child's biological grandfather or legal grandparent through adoption (see e.g. Matter of B.S. v B.T., 148 AD3d 1029, 1030 [2d Dept 2017]).
The Court of Appeals' decision in Matter of Brooke S.B. v Elizabeth A.C.C. (28 NY3d 1 [2016]) does not compel a different result, as the Court expressly stated that its decision "addresses only the ability of a person to establish standing as a parent" (id. at 28 [emphasis added]).
However, under the circumstances, the court did not adequately give notice to the parties that it was treating the motion to dismiss as one for summary judgment (see Nonnon v City of New York, 9 NY3d 825, 827 [2007]).
We have considered petitioner's remaining arguments, including those regarding equitable estoppel and waiver, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK