Matter of Istat B. v Administration for Children's Servs. (2018 NY Slip Op 01305)





Matter of Istat B. v Administration for Children's Servs.


2018 NY Slip Op 01305


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-01922
2016-03623
 (Docket Nos. A-141-14, A-142-14) (Docket No. V-8715-12)

[*1]In the Matter of Istat B. (Anonymous), appellant,
v
Administration for Children's Services, et al., respondents. (Appeal No. 1)
In the Matter of Michelle (Anonymous). Sofya B. (Anonymous), et al., appellants; Joseph M. (Anonymous), et al., respondents. (Proceeding No. 1)
In the Matter of Michelle (Anonymous). Joseph M. (Anonymous), et al., respondents; Sofya N. B. (Anonymous), et al., appellants. (Proceeding No. 2) (Appeal No. 2)


Andrew Citron, New York, NY, for appellant in Appeal No. 1 and appellants in Appeal No. 2.
Terrence J. Worms, Flushing, NY, for respondents in Appeal No. 2.
Osato Eugene Uzamere, Jamaica, NY, attorney for the child.



DECISION & ORDER
Appeals from (1) an order of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated September 28, 2015, and (2) an order of that court dated December 9, 2015. The order dated September 28, 2015, inter alia, after a hearing, granted the petition of Joseph M. and Natalie M. to adopt the subject child. The order dated December 9, 2015, dismissed the petition of Istat B. for visitation with the subject child.
ORDERED that the orders are affirmed, without costs or disbursements.
In 2009, the mother of the subject child was convicted of murder in the first degree and conspiracy in the second degree in connection with the death of the child's father. She was sentenced to life imprisonment without parole. In October 2011, the mother's parental rights were terminated (see Matter of Michelle M. [Mazoltuv B.], 100 AD3d 760). Thereafter, Joseph M. and Natalie M., the child's paternal uncle and aunt, respectively, with whom the child had been placed, filed a petition seeking to adopt the child. The child's maternal aunt and uncle, Sofya B. and [*2]Syleyman Y., also filed a petition seeking to adopt the child. In addition, the maternal grandmother, Istat B., filed a petition for visitation with the child. In an order dated September 28, 2015, the Family Court granted the petition of the paternal uncle and aunt to adopt the child, and in an order dated December 9, 2015, the court dismissed the maternal grandmother's petition for visitation with the child. The maternal aunt and uncle appeal from the order dated September 28, 2015, and the maternal grandmother appeals from the order dated December 9, 2015.
We agree with the Family Court's determination that the evidence adduced at a best interests hearing conducted during the spring of 2015, relating to the adoption petition filed by the child's paternal uncle and aunt, established that it was in the child's best interests to be adopted by them (see Matter of Angela H.F., 155 AD3d 624).
The Family Court erred, however, in dismissing the visitation petition of the maternal grandmother on the ground that she lacked standing due to the child's adoption. "A grandparent has standing to seek visitation when either parent is deceased, even after the child has been adopted" (Matter of Jordan, 60 AD3d 764, 764 [citations omitted]; see Domestic Relations Law § 72[1]; People ex rel. Sibley v Sheppard, 54 NY2d 320, 325-326). Nevertheless, the court properly determined, in the alternative, that on the merits the petition should be dismissed without a hearing, as the best interests hearing it had already conducted in the adoption proceeding provided it with sufficient information to determine that the petition should be dismissed. The best interests evidence adduced at the hearing in the adoption proceeding, including forensic evidence regarding the maternal grandmother, sufficiently supported the court's determination and rendered a further hearing unnecessary (see Matter of Theresa B. v Clarence D.P., 148 AD3d 1144; cf. S.L. v J.R., 27 NY3d 558, 563).
The appellants' remaining contentions are without merit.
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court