Matter of Weiss v Weiss (2018 NY Slip Op 03532)





Matter of Weiss v Weiss


2018 NY Slip Op 03532


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-01544
 (Docket Nos. V-710-14, V-317-15)

[*1]In the Matter of Valerie D. Weiss, appellant,
v
Jessica R. Weiss, et al., respondents-respondents, et al., respondent. (Proceeding No. 1)
In the Matter of Valerie D. Weiss, appellant, v Orange County Department of Social Services, et al., respondents. (Proceeding No. 2)


The Virdone Law Firm, P.C., Westbury, NY (John Virdone of counsel), for appellant.
Michael D. Meth, Chester, NY, for respondent-respondent Jessica R. Weiss in Proceeding No. 1.
 Langdon C. Chapman, County Attorney, Goshen, NY (Christine Foy-Stage and Peter Schwarz of counsel), for respondent-respondent Orange County Department of Social Services in Proceeding No. 1 and respondent Orange County Department of Social Services in Proceeding No. 2.
Ronna L. DeLoe, New Rochelle, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated December 16, 2016. The order, upon remittitur from this Court by two decisions and orders dated August 3, 2016, and after a hearing, denied the maternal grandmother's petition for custody of the subject child and her petition for visitation with the child.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying the maternal grandmother's petition for visitation with the subject child, and substituting therefor a provision granting that petition and awarding the maternal grandmother supervised visitation with the child; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for further proceedings before a different Judge to determine appropriate visitation between the maternal grandmother and the child.
The maternal grandmother commenced a proceeding pursuant to Family Court Act article 6 for custody of the subject child two months before the Orange County Department of Social Services (hereinafter DSS) commenced proceedings against the mother, inter alia, pursuant to Social Services Law § 384-b, seeking to terminate her parental rights and free the child for adoption (hereinafter the termination proceedings). The Family Court deferred consideration of the [*2]grandmother's custody petition until after the termination proceedings were concluded. When the mother failed to appear for a continued fact-finding hearing in the termination proceedings, the court proceeded with an inquest and thereafter issued orders of fact-finding and disposition, upon the mother's default, terminating her parental rights on the grounds of mental illness and permanent neglect, and freeing the child for adoption. In January 2015, the court dismissed the grandmother's custody petition, without a hearing, on the ground that she lacked standing.
Subsequently, the maternal grandmother commenced a proceeding seeking visitation with the child. The Family Court dismissed the visitation petition, without a hearing, on the basis that the grandmother lacked standing to seek visitation as a result of the previous termination of the mother's parental rights. On prior appeals, this Court reversed the orders dismissing the grandmother's petitions for custody and visitation, reinstated the petitions, and remitted the matters to the Family Court, Orange County, for a hearing to be conducted in the context of the dispositional hearing directed on the mother's appeal in the related termination proceedings (see Matter of Weiss v Weiss, 142 AD3d 507; Matter of Weiss v Orange County Dept. of Social Servs., 142 AD3d 505; Matter of Isabella R.W. [Jessica W.], 142 AD3d 503). After the hearing upon remittitur, the court denied the grandmother's petitions, determining that she lacked standing to seek custody or visitation and, in any event, the child's best interests would not be served by awarding the grandmother custody or visitation. The grandmother appeals.
Contrary to the Family Court's determination, the maternal grandmother had standing to seek custody of the child, who was in foster care (see Domestic Relations Law § 72[2][a]; Matter of Bennett v Jeffreys, 40 NY2d 543, 546; Matter of Weiss v Weiss, 142 AD3d at 508). However, the court providently exercised its discretion in determining that the child's best interests would not be served by an award of custody to the grandmother. A grandparent "takes no precedence for custody over the adoptive parents selected by an authorized agency" (Matter of Violetta K. v Mary K., 306 AD2d 480, 481; see Matter of Patricia I.H. v ACS-Kings, 140 AD3d 1165, 1166). Here, the child has resided with the foster parents for virtually her entire life and is thriving in their home. It is in her best interests to continue that stable relationship, rather than be removed to the custody of her maternal grandmother (see Matter of Quida H. v Sara H., 127 AD3d 971, 972; Matter of James v Hickey, 6 AD3d 536, 537). Accordingly, the court providently exercised its discretion in denying the grandmother's custody petition.
A biological grandparent may seek visitation with a child even after parental rights have been terminated or the child has been freed for adoption (see People ex rel. Sibley v Sheppard, 54 NY2d 320, 326; Matter of Weiss v Orange County Dept. of Social Servs., 142 AD3d at 505-506). Where a grandparent seeks visitation pursuant to Domestic Relations Law § 72(1), the court must undertake a two-part inquiry (see Matter of E.S. v P.D., 8 NY3d 150, 157). First, the court must determine if the grandparent has standing to petition for visitation based on the death of a parent or equitable circumstances (see Domestic Relations Law § 72[1]; Matter of E.S. v P.D., 8 NY3d at 157; see also Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181-182). Where the court concludes that the grandparent has established standing, the court must then determine whether visitation with the grandparent is in the best interests of the child (see Domestic Relations Law § 72[1]; Matter of E.S. v P.D., 8 NY3d at 157; Matter of Emanuel S. v Joseph E., 78 NY2d at 181; Matter of Brancato v Federico, 118 AD3d 986). In determining whether equitable circumstances confer standing, the court must examine all relevant facts (see Matter of Emanuel S. v Joseph E., 78 NY2d at 182). "[A]n essential part of the inquiry is the nature and extent of the grandparent-grandchild relationship" (id.; see Matter of Luft v Luft, 123 AD3d 831; Matter of Sherman v Hughes, 32 AD3d 959, 960). A grandparent must establish an existing relationship or sufficient efforts to establish one that have been unjustifiably frustrated by the parent (see Matter of Emanuel S. v Joseph E., 78 NY2d at 182; Matter of Vandenburg v Vandenburg, 137 AD3d 1498, 1498-1499; Matter of Kalkstein v Rist, 78 AD3d 947, 948).
Here, the evidence demonstrated that the maternal grandmother developed a relationship with the child early on in her life and thereafter made repeated efforts to continue that relationship (see Matter of Vandenburg v Vandenburg, 137 AD3d at 1499). Accordingly, the Family Court's determination that the grandmother lacked standing to seek visitation was not supported by a sound and substantial basis in the record. Moreover, visitation with the grandmother would be in the child's best interests. The grandmother had consistent visitation with the child until the DSS [*3]ceased allowing such visitation in November 2014. By all accounts, the grandmother's visitations conducted separately from the mother's visitations were positive, and the attorney for the child in the Family Court took the position that the child's best interests would be served by visitation with the grandmother conditioned on the requirement that the mother not be present for the visitation (see Matter of Madelyn Z. v Daniel AA., 154 AD3d 1092). Considering all of the circumstances, visitation with the grandmother would be in the child's best interests (see Matter of Peralta v Irrizary, 76 AD3d 561, 562).
The grandmother's remaining contention is without merit (see Matter of Lincoln v Lincoln, 24 NY2d 270, 273-274; Matter of Murphy v Lewis, 149 AD3d 748, 750).
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court