Loggia v Verardo (2018 NY Slip Op 08302)





Loggia v Verardo


2018 NY Slip Op 08302


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-07801
2017-07802
 (Docket No. V-29-15)

[*1]In the Matter of Jennifer S. Loggia, respondent,
v
Michael P. Verardo, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Petito & Petito, LLP, Poughkeepsie, NY (Joseph Petito of counsel), for respondent.
William E. Horowitz, Briarcliff Manor, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from a custody order of the Supreme Court, Dutchess County (IDV Part) (Joan S. Posner, J.), dated July 5, 2017, and an order of protection of the same court, also dated July 5, 2017. The custody order granted, without a hearing, the mother's petition to modify the custody provisions of a prior order of the Family Court, Greene County (George J. Pulver, J.), dated October 31, 2011, so as to award her sole legal and physical custody of the child, and to suspend the father's contact with the child until further order of the court. The order of protection directed the father, inter alia, to stay away from the mother and the child for a period up to and including July 5, 2025.
ORDERED that the custody order and the order of protection are affirmed, without costs or disbursements.
In an order of the Family Court, Greene County, dated October 31, 2011, the mother and the father were granted joint custody of the parties' child. In 2015, following the father's arrest in connection with an incident of domestic violence, the mother commenced this proceeding in the Family Court, Dutchess County, to modify the custody provisions of the 2011 order so as to award her sole legal and physical custody of the parties' child and to suspend the father's contact with the child. On December 15, 2015, the matter was transferred to the Supreme Court, Dutchess County (IDV Part). Over the next two years, the parties and the attorney for the child made numerous court appearances at which they provided the court with sworn evidence. The father exercised virtually no visitation with the child during this period, and in 2016 the Supreme Court suspended the father's authorization for therapeutic visitation after his arrest for criminal contempt in the second degree arising from a campaign of harassment he conducted against the mother in violation of an existing order of protection. A jury in the criminal proceeding subsequently convicted the father of eight counts of criminal contempt in the second degree, and he was sentenced to one year in jail. The father remained incarcerated at the time the Supreme Court issued an order dated July 5, 2017. The court found a significant change of circumstances warranting a modification of custody in the best interests of the child, expressly relying upon the father's criminal convictions, his documented acts of domestic violence against the mother, and his incarceration. Accordingly, the court granted the mother's petition, awarded sole legal and physical custody of the child to the mother, and suspended the father's contact with the child until further order of the court. On the same date, the court issued an order of protection directing the father to stay away from the mother and the child through July [*2]5, 2025. The father appeals, and we affirm.
Contrary to the father's contention, reversal is not warranted on the ground that the Supreme Court failed to conduct a plenary hearing on the mother's petition. While "custody determinations should [g]enerally' be made only after a full and plenary hearing and inquiry'" (S.L. v J.R., 27 NY3d 558, 563, quoting Obey v Degling, 37 NY2d 768, 770; see Matter of Jeannette V. [Marina L.], 152 AD3d 706, 707), this general right is not an absolute (see S.L. v. J.R., 27 NY3d at 563). A hearing is not necessary where the undisputed facts before the court are sufficient, in and of themselves, to support a modification of custody (see Matter of Strobel v Danielson, 159 AD3d 1287, 1289).
Here, the Supreme Court, which had detailed knowledge of the extensive history of the case, clearly articulated the undisputed evidence that supported its determination (see generally Matter of Theresa B. v Clarence D.P., 148 AD3d 1144, 1144; cf. Matter of Lemon v Faison, 150 AD3d 1003, 1005). At the time of its determination, the relationship between the mother and father had deteriorated to such an extent that continuation of a formal order of joint custody was not appropriate (see Matter of Smith v O'Donnell, 107 AD3d 1311), a fact documented by the criminal conviction of the father arising from his harassment of the mother. The child had been residing with the mother for years and the father's access to the child had been supervised and then suspended, as documented by prior, unappealed court orders. Further, the father only requested a hearing with respect to custody and access arrangements to be effectuated after the father's release from incarceration. Since the father was still incarcerated, the request was premature.
Given the father's established history of domestic violence and criminal conduct against the mother, as documented by his criminal conviction after a jury trial, there is no basis in the record to disturb the order of protection.
We express no opinion on the issue of whether the father's release from incarceration may constitute a change of circumstances sufficient to warrant a future hearing with respect to custody or access.
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court