Matter of Frye v Lowery (2019 NY Slip Op 03593)





Matter of Frye v Lowery


2019 NY Slip Op 03593


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-03230
 (Docket No. V-1286-17)

[*1]In the Matter of Williemae Frye, appellant,
v
Ryan Lowery, respondent-respondent, et al., respondent.


Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Sara Jane Carr, Poughquag, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the grandmother appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated March 12, 2018. The order, insofar as appealed from, after a hearing, granted the grandmother's visitation petition only to the extent of awarding her visitation with the subject child two times per year.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The death of the subject child's mother provided the grandmother with standing to seek visitation with the child (see Domestic Relations Law § 72[1]; Matter of E.S. v P.D., 8 NY3d 150, 157; Matter of B.S. v B.T., 148 AD3d 1029, 1031; Matter of Pinsky v Botnick, 105 AD3d 852), but did not guarantee any such award (see Matter of Wilson v McGlinchey, 2 NY3d 375, 380; Matter of Fitzpatrick v Fitzpatrick, 137 AD3d 784, 786; Matter of Gavrusinas v Melnichenko, 305 AD2d 679; Matter of Apker v Malchak, 112 AD2d 518, 519). The question of visitation, which involves a determination of what is in the child's best interests, is left to the discretion of the court (see Matter of E.S. v P.D., 8 NY3d at 157; Lo Presti v Lo Presti, 40 NY2d 522, 527; Matter of Pinsky v Botnick, 105 AD3d at 855; Matter of Principato v Lombardi, 19 AD3d 602, 602-603).
Contrary to the grandmother's contention, the Family Court's determination to award her limited visitation with the child two times per year is supported by a sound and substantial basis in the record and will not be disturbed (see Matter of Gangi v Sanfratello, 157 AD3d 677, 678; Matter of Hargrove v Langenau, 138 AD3d 846, 847).
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court