Matter of Montes v Sands (2019 NY Slip Op 05538)





Matter of Montes v Sands


2019 NY Slip Op 05538


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-13200
 (Docket Nos. V-3895-18, V-3896-18, V-3897-18, V-3898-18)

[*1]In the Matter of Samuel Pablo Montes, appellant,
v
Joshua Ira Sands, respondent. (Proceeding No. 1)
In the Matter of Samuel Pablo Montes, appellant,
v
Susie Sands, respondent. (Proceeding No. 2)


Davidoff Hutcher & Citron, LLP, New York, NY (Leslie F. Barbara and Judith Ackerman of counsel), for appellant.
Kahn & Goldberg, LLP, New York, NY (Michele Kahn of counsel), for respondents.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 6, Samuel Pablo Montes appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered September 13, 2018. The order, without a hearing, in effect, granted the parents' motion to dismiss the petitions pursuant to Domestic Relations Law § 72(1) for grandparent visitation with the subject children.
ORDERED that the order is affirmed, without costs or disbursements.
Alan J. Sands (hereinafter the grandfather), the petitioner in related proceedings (see Matter of Sands v Sands, _____ AD3d _____ [decided herewith]), is the paternal grandfather of the subject children, and Samuel Pablo Montes (hereinafter the stepgrandfather) is the grandfather's husband. In April 2018, the stepgrandfather filed two petitions (one as to each parent) pursuant to Domestic Relations Law § 72(1), seeking grandparent visitation with the children. In an order entered September 13, 2018, the Family Court, in effect, granted the parents' motion to dismiss the stepgrandfather's petitions without a hearing. The stepgrandfather appeals.
We agree with Family Court's determination to direct dismissal of the stepgrandfather's petitions on the ground that the stepgrandfather lacks standing to seek visitation with the children, as he failed to plead that he is the children's biological grandfather or legal grandparent through adoption (see Matter of Kevin B. v Zovania B., 158 AD3d 555, 555; Matter of B.S. v B.T., 148 AD3d 1029, 1030; Matter of Chifrine v Bekker, 97 AD3d 574, 575; Matter of Faison v Nassau County Dept. of Social Servs., 74 AD3d 1339, 1339-1340; Matter of Jordan, 60 AD3d 764, 764-765; Matter of Gross v Siegman, 226 AD2d 724; Matter of Hantman v Heller, 213 AD2d 637). Moreover, inasmuch as the stepgrandfather's standing presented a legal issue which appeared on the face of the petitions and which did not involve any disputed question of fact, the court did not err [*2]in relying upon the parties' unsworn submissions or in failing to conduct a hearing.
The stepgrandfather's remaining contention is without merit.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court